[No. 5944–1. Division One. December 26, 1978.]

ROBERT E. EAST, ET AL, *Appellants,* v. KING COUNTY, ET AL, *Respondents.*

*Skeel, McKelvy, Henke, Evenson & Betts* and *Eric Richter,* for appellants.

*Christopher T. Bayley, Prosecuting Attorney, Robert D. Johns, Deputy, Francis, Lopez & LePley,* and *Peter D. Francis,* for respondents.

DORE, J.—The Community Chapel and Bible Training Center, Inc., successfully applied to the zoning adjustor for a conditional use permit for the construction and operation of Bible College classrooms and related dormitories to be located on two parcels of property owned by the Community Chapel. A location map of the subject property is illustrated herein. The zoning adjustor's decision was appealed to the King County Board of Appeals which affirmed his decision. Thereafter the plaintiffs, who are neighbors surrounding the college site, brought a writ of certiorari in Superior Court challenging the legality of the conditional use permit. The Superior Court sustained the Board of Appeals decision and this appeal now follows.

## ISSUES

1. Are college dormitories separated from college classrooms 130 feet along a two–lane road "on campus" for purposes of the King County Zoning Code? (KCC 21.44.030(11)).

2. Is a minimum acreage requirement for colleges imposed by implication in the King County Zoning Code? (KCC 21.08.020(15)).

## FACTS

The Community Chapel and Bible Training Center, which we will for brevity call "Community Chapel," applied for a conditional use permit for the construction and operation of a Bible College, classrooms and related dormitories to be located on two parcels of property owned by the Community Chapel between First Avenue South and Eighth Avenue South near South 192nd Street in King County. Under the proposal the college classrooms were planned to be located on an 8–acre site between Fourth Avenue South and Eighth Avenue South, while the dormitories would be located on a 36–acre site between First Avenue South and Fourth Avenue South. The two sites are separated by a distance of about 130 feet along Fourth Avenue South.

At the same time the Community Chapel applied for King County building permits to allow construction of the chapel, grade school, junior high and high school on the 36–acre site. These permits were not involved in this lawsuit, nor concern us on appeal.

The conditional use permit was approved subject to specific and comprehensive conditions which we will not detail as they are not relevant to our issues.

The Community Chapel's property is zoned RS–7200. RS–7200 zoning in King County authorizes churches, grade schools, junior high and high schools as a matter of right. (KCC 21.08.020(6), (15)). Colleges and related dormitories on the other hand require a conditional use permit. (KCC 21.44.030(11)).

## DECISION

ISSUE 1: "On Campus"

The granting of the conditional use permit to the Community Chapel permits them to construct college dormitories on the 36–acre site and college classrooms and offices

on the nearby 8–acre site even though they are separated by 130 feet at Fourth Avenue South. Petitioning neighbors contend that the King County Zoning Code requires dormitories and classrooms to be on one contiguous building site. Their contention is based on KCC 21.44.030(11), which requires conditional use permits for universities and colleges, including dormitories and fraternity and sorority houses when on campus. They are arguing that "on campus" means one contiguous building site. The trial judge, in reviewing the decision of the zoning adjustor and the King County Board of Appeals, made various findings of fact and conclusions of law. We will set forth those that are pertinent to this review.

Finding of fact No. 3:

The Bible College will be located on two separate building sites as defined in King County Code Section 21.04.135.

Finding of fact No. 4:

The Bible College classrooms will be located on a building site of approximately 8 acres. The college dormitories and accessory facilities, *i.e.*, playground and athletic field, will be located on a 36 acre building site which will also be the location of the Community Chapel's church, elementary and secondary schools.

Finding of fact No. 5:

The two building sites in question are not contiguous but are in close proximity to each other as they are separated by approximately 130 feet along Fourth Avenue South.

Finding of fact No. 6:

The conditional use permit as granted by the King County Zoning Adjustor and upheld by the King County Board of Appeals requires the Community Chapel to build a sidewalk along the west side of Fourth Avenue South to a point across from the 8 acre site.

Finding of fact No. 7:

Both the King County Zoning Adjustor and the King County Board of Appeals held hearings, pursuant to notice, as required by law.

Finding of fact No. 8:

Plaintiffs raised no issue regarding the jurisdiction of either the Zoning Adjustor or the Board of Appeals over the Community Chapel's application for a conditional use permit.

Finding of fact No. 9:

Plaintiffs raised no issues regarding the question of whether the Zoning Adjustor and the Board of Appeals followed proper administrative procedures.

Finding of fact No. 10:

Plaintiffs do not contest the adequacy of the proof of facts necessary to authorize the issuance of the conditional use permit. If such questions had been raised, there is sufficient competent proof in the record, when tested against the standard required by RCW 7.16.120(4) and (5) to justify issuance of the conditional use permit and to justify the protective conditions imposed by the King County Zoning Adjustor and affirmed by the Board of Appeals.

Finding of fact No. 11:

Plaintiffs raised only two issues in this action, both of which are legal questions. These issues are:

A. Whether King County Code §21.44.030(11), which provides that dormitories must be located "on campus", requires that the college classrooms and dormitories be located on the same building site.

B. Whether King County Code §21.08.030(15) imposes an acreage requirement on a college which is not met by the Community Chapel property.

Finding of fact No. 13:

Both the King County Zoning Adjustor and the King County Board of Appeals interpreted the term "on campus" in King County Code §21.11.030(11) to permit the location of college classrooms and dormitories on these two building sites which are not contiguous but are in close proximity to each other.

Finding of fact No. 14:

Both the King County Zoning Adjustor and the King County Board of Appeals refused to accept plaintiffs' argument that the King County Zoning Code implicitly requires a minimum acreage for colleges.

■ The petitioners do not challenge any of the trial court's findings, so they become verities in this case. They do, however, challenge most of its conclusions of law.

As this case is unique and involves statutory construction to resolve legislative intent as to meaning of words, we feel it would be helpful to set forth judicial guidelines in determining legislative intent.

■■ In *Dominick v. Christensen,* 87 Wn.2d 25, 548 P.2d 541 (1976), it was stated at pages 26–27:

This contention is best resolved by considering it in light of the rules which guide this court in its interpretation of statutory language. The primary objective of statutory construction is to try to carry out the intent of the legislature. *Anderson v. O'Brien,* 84 Wn.2d 64, 67, 524 P.2d 390 (1974). An expression of one thing in a statute excludes others not expressed. *State v. Sponburgh,* 84 Wn.2d 203, 212, 525 P.2d 238 (1974). Words of a statute, *unless otherwise defined,* must be given their usual and ordinary meaning. *Department of Revenue v. Hoppe,* 82 Wn.2d 549, 552, 512 P.2d 1094 (1973). The court will not read into a statute matters which are not there nor modify a statute by construction. *King County v. Seattle,* 70 Wn.2d 988, 991, 425 P.2d 887 (1967).

■■ In *Garrison v. State Nursing Bd.,* 87 Wn.2d 195, 550 P.2d 7 (1976), at 196–97:

To resolve this appeal, we must determine whether appellant's findings established an unlawful distribution of drugs within the meaning of the statute. Words in a statute should be given their ordinary meaning absent ambiguity and/or a statutory definition. *See Publishers Forest Prods. Co. v. State,* 81 Wn.2d 814, 816, 505 P.2d 453 (1973). Courts may consider extrinsic aids to interpret statutory language even without a showing that the language is ambiguous. *See* 2A C. Sands, *Statutes and Statutory Construction* § 48.01 (4th ed. 1973). In so doing, we frequently resort to dictionaries to ascertain the common meaning of statutory language. *See, e.g., Intermediate School Dist. 105 v. Yakima County,* 81 Wn.2d 443, 445, 503 P.2d 104 (1972); *Crown Zellerbach Corp. v. State,* 53 Wn.2d 813, 815, 328 P.2d 884 (1958). *Webster's Third New International Dictionary* (1968), in

part, defines "distribute" as follows: "to divide among several or many: to deal out: apportion . . . ."

Respondent did not apportion or deal out the drugs to anyone. She merely removed the drugs from work to her home. In this respect her actions do not constitute a distribution.

Further, in *State ex rel. American Piano Co. v. Superior Court,* 105 Wash. 676, 679, 178 P. 827 (1919), we quoted from 36 Cyc. Law & Proc. 1150 (1910):

"Whenever a legislature had used a word in a statute in one sense and with one meaning, and subsequently uses the same word in legislating on the same subject–matter, it will be understood as using it in the same sense, unless there be something in the context or the nature of things to indicate that it intended a different meaning thereby."

*Accord, Champion v. Shoreline School Dist. 412,* 81 Wn.2d 672, 676–77, 504 P.2d 304 (1972); *see DeGrief v. Seattle,* 50 Wn.2d 1, 11, 297 P.2d 940 (1956). The nursing act (RCW 18.88) directs the board to suspend or revoke the license of any nurse who unlawfully distributes drugs. The Uniform Controlled Substances Act (RCW 69.50) and the legend drugs act (RCW 69.41) pertain to the same subject, as they also prohibit the unlawful distribution of drugs. RCW 69.50.101(i) defines "distribute" as follows: "to deliver other than by administering or dispensing a controlled substance." "Deliver" is defined as "the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship." RCW 69.50.101(f). The identical definitions appear in the legend drugs act. *See* RCW 69.41.010(2), (5).

The common understanding of "campus" as the grounds occupied by a school and its related facilities are easily recognized.

The record discloses that a number of teachers testified before the zoning adjustor that several colleges and universities in the county are located on separate pieces of property in King County. For instance, Highline Community College has its main campus and a Redondo campus. The University of Washington has its central campus, yet a number of its classrooms and dormitories are located blocks

away in residential areas. Seattle Pacific College has a major arterial separating its dormitory area from the main part of the college, yet they consider the dormitories on campus. This testimony was not disputed by petitioners' witnesses.

If the King County Council had intended to require colleges and dormitories to locate together on a single "building site," it would have so stated. Rather the council required only that the colleges and dormitories be on the "same campus." Legislative bodies are presumed to attach significance to such distinctions. *State ex rel. Schillberg v. Barnett,* 79 Wn.2d 578, 583–84, 488 P.2d 255 (1971); *Connolly v. State,* 79 Wn.2d 500, 487 P.2d 1050 (1971).

To the extent that the term "campus" can be considered ambiguous, considerable deference must be paid to the interpretation of that term by the officials charged with enforcing the statute. *Ball v. Smith,* 87 Wn.2d 717, 723, 556 P.2d 936 (1976); *Rasor v. Retail Credit Co.,* 87 Wn.2d 516, 524, 554 P.2d 1041 (1976). Mr. Ed Sand, King County Zoning Adjustor, acknowledged by many to be the foremost zoning expert in the state of Washington, is charged with enforcement of conditional use permits. (KCC 21.58.030.) He specifically ruled:

> Even though the dorms are across Fourth Avenue South from the college building, they are "on campus" as required by the Zoning Code. As indicated by the applicant, many campuses are divided by streets. The Zoning Code uses the term "on site" when it is intended to have related uses on a contiguous parcel. (See off–street parking requirement, ICC 21.50.060.) The dictionary defines campus as "the grounds and buildings of a university or college".

This administrative interpretation of Mr. Sands was upheld by the King County Board of Appeals, the second administrative body charged with administration of conditional use permits. The Board of Appeals specifically found:

> That the campus of the Bible Institute and School Complex will consist of an area of approximately eight (8) acres divided on 4th Avenue South on the east and on

the west of 4th Avenue South another adjoining site of 36 acres which will eventually contain the grade school, junior and senior high school, as well as church facilities, athletic facilities and school dormitories. The total area will comprise the campus for said facilities.

The interpretations of the zoning adjustor and the Board of Appeals on this question are based on their long familiarity and expertise in interpretation of the King County Zoning Code. These administrative interpretations should be given great weight by the court. *Hama Hama Co. v. Shorelines Hearings Bd.*, 85 Wn.2d 441, 448, 536 P.2d 157 (1975).

■ The Superior Court judge, on reviewing the record in this case, agreed with the zoning adjustor and the Board of Appeals. We also concur. We specifically hold that even though the dormitories to be built are across Fourth Avenue South from the college building, they are "on campus" as required by the King County Zoning Code.

ISSUE 2: No Minimum Acreage Area for Colleges Required

The petitioners next allege as their second claim that the classrooms and college offices are not permitted on the 8-acre tract because the acreage fails to meet implied requirements. Their claim is based on KCC 21.08.020(15), which permits some types of schools in the RS zone, provided

No less than the following minimum site areas shall be provided:
1. For elementary schools—5 acres;
2. For junior high schools—10 acres;
3. For senior high schools—15 acres;
4. For junior colleges—20 acres.

While appellants admit this section does not apply to colleges, they do argue that the zoning code must require some minimum site area of at least 20 acres.

Having recognized the disparity in size and the population area requirements of numerous colleges, the county has

decided to treat each college individually through the conditional use permit process. This legislative policy decision cannot be cast aside on the basis of petitioners' claim that all types of educational facilities deserve to be treated in the same manner.

A college requires a conditional use permit in any case. Such conditional use permits can be granted only after notice of public hearing and a finding that the conditions imposed pursuant to this permit will assure that nuisance and hazards to adjacent property will not develop. KCC 21.50.040. The King County Zoning Code sets no acreage requirements for colleges since the conditional use permit process itself guarantees that the college will be located on adequate acreage.

As a factual matter, the reasonableness of the decision by the zoning adjustor and the King County Board of Appeals that there was sufficient room to locate the college dormitories on the 36–acre site is amply demonstrated on the record. The Community Chapel's junior high school (which is required to have a 10–acre site) has only 25 students and the high school (which has a site requirement of 15 acres) has only 15 students. In this case, the Board of Appeals decision that there is ample room to locate a portion of the college on the 36–acre site is well supported and reasonable.

The Community Chapel owns sufficient property to comply with the provisions of the King County Zoning Code setting minimum size requirements, and the decision of the zoning adjustor, Board of Appeals and Superior Court should be upheld on this point.

■ In the recent case of *Keller v. Bellingham*, 20 Wn. App. 1, 578 P.2d 881 (1978), our court stated at page 11 the fundamental principle to be used in interpreting zoning laws:

> [Z]oning ordinances are in derogation of the common law and must be strictly construed in favor of the property owner. *Pearson v. Evans,* 51 Wn.2d 574, 576, 320 P.2d 300 (1958).

In *Keller,* as here, the appellants sought to have an ordinance extended beyond its express language. The ordinance prohibited the enlargement of a nonconforming use, but not the intensification of such a use. The court held that intensification of such a use is not prohibited, and declined to interpret "intensified use" as a form of "enlargement."

We hold that there is no minimum site requirement for colleges imposed by implication in the King County Zoning Code (KCC 21.08.020(15)).

### ATTORNEYS' FEES ON APPEAL

Petitioners are entitled to have their day in court and should not be penalized for litigating cases of first impression. As this is such a case, we will not penalize litigants who desire to determine their rights through the judicial process. We, therefore, deny the respondent's request for attorneys' fees.

Affirmed.

ANDERSEN, A.C.J., and SWANSON, J., concur.