[No. 6195–1. Division One. April 30, 1979.]

THE STATE OF WASHINGTON, *Respondent*, v. PHILLIP PAWLING, *Appellant*.

227

*Robert Olson* and *Leslie Wildman* of *Seattle–King County Public Defender,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Lee D. Yates, Deputy,* for respondent.

RINGOLD, J.—A jury found defendant Phillip Pawling guilty of four offenses. Counts 1 and 2, both alleged to have been committed with a deadly weapon at the residence of J. L., were burglary in the first degree and rape in the first degree, respectively. Counts 3 and 4 were trespass in the first degree, both committed at other residences in Bellevue. This appeal challenges the validity of the convictions for burglary in the first degree and rape in the first degree. The issues concern the propriety of the court's instructions to the jury relating to counts 1 and 2. We find no error in the trial court's instructions and affirm the judgment and sentence.

The burglary and rape occurred about 10 p.m. on August 7, 1977, when J. L., alone in her parents' house, was

accosted and choked. She struggled with her assailant, who threatened to kill her. She was forcibly dragged to the front yard and then asked "Where do you want it,—the front yard or the back yard?" She continued to struggle and was forcibly taken to the beach portion of the residence on the shore of Lake Washington. She was then subjected to various sex acts.

The defendant was arrested at 2:30 a.m. on August 8, and denied any complicity in the events.

## KIDNAPING AS AN ELEMENT OF RAPE
### IN THE FIRST DEGREE

The relevant statutory provisions of rape in the first degree are:

(1) A person is guilty of rape in the first degree when such person engages in sexual intercourse with another person not married to the perpetrator by forcible compulsion where the perpetrator or an accessory:

(a) Uses or threatens to use a deadly weapon; or

(b) *Kidnaps* the victim . . .

(Italics ours.) RCW 9.79.170.

Kidnaping in the first degree:

(1) A person is guilty of kidnaping in the first degree if he intentionally abducts another person with intent:

. . .

(b) To facilitate commission of any felony or flight thereafter; or

(c) To inflict bodily injury on him; or

. . .

(2) Kidnaping in the first degree is a class A felony.

RCW 9A.40.020.

Kidnaping in the second degree:

(1) A person is guilty of kidnaping in the second degree if he intentionally abducts another person under circumstances not amounting to kidnaping in the first degree.

. . .

(3) Kidnaping in the second degree is a class B felony.

RCW 9A.40.030.

Statutory definitions in RCW 9A.40.010(2)(a), (b) applying to kidnaping were embodied in the court's instruction No. 11:

A person commits kidnapping [*sic*] when he intentionally abducts another person. "Abduct" means to restrain a person by either (a) secreting or withholding the person in a place where that person is not likely to be found or (b) using or threatening to use deadly force.

### KIDNAPING AS AN ELEMENT OF RAPE

The principal issue raised here is whether the trial court erred by instructing the jury that "kidnaping," one of the alternative elements of first–degree rape, means either first– or second–degree kidnaping. Pawling contends that since kidnaping is not defined in the rape statute, the legislative history of the statute and rules of construction require that kidnaping in the first degree be proved to establish rape in the first degree pursuant to RCW 9.79-.170(b).

Pawling further argues that the adoption of two degrees of kidnaping by the legislature reflects a legislative intent to provide a narrow construction and that all the elements of second–degree kidnaping are necessarily included in the crime of rape. Thus, to suggest that the "kidnaping" required to prove rape in the first degree is satisfied by proving the elements of second–degree kidnaping would create a redundancy in the code which must be avoided. *John H. Sellen Constr. Co. v. Department of Revenue*, 87 Wn.2d 878, 558 P.2d 1342 (1976). The defendant further argues that criminal statutes are to be strictly construed against the State and in favor of the accused. *Mangaoang v. Boyd*, 205 F.2d 553 (9th Cir. 1953).

 In construing a statute, it is a fundamental rule that courts are required to ascertain the legislative intent and that the legislature considered its prior enactments. *Department of Fisheries v. Chelan County PUD 1*, 91 Wn.2d 378, 588 P.2d 1146 (1979). In *State v. Green*, 91 Wn.2d 431, 588 P.2d 1370 (1979), the court gave an expansive construction to the word "abduction" as an element of

rape. Pawling, therefore, urges that even the slightest degree of restraint exerted in committing the crime of first–degree rape would necessarily constitute a kidnaping. Under this reasoning there would remain no aggravating element to be found in the crime of rape in the first degree, and every alleged rape in the second degree would automatically be elevated to rape in the first degree by the aggravating factor of the kidnaping so defined.

The State, on the other hand, contends that each element of second–degree kidnaping is not necessarily required as an element in the offense of first–degree rape. The distinguishing feature between rape in the first degree and kidnaping in the second degree, the State argues, is that first–degree rape may be committed without use or threatened use of deadly force. Absence of use, intent or threat to use deadly force is an affirmative defense to second–degree kidnaping, but not to first–degree rape. RCW 9A.40.030(2). Whenever first–degree rape occurs by means other than by use of deadly force, second–degree kidnaping will not necessarily occur; therefore, the State contends there is no redundancy in interpreting the rape statute to refer to both second– and first–degree kidnaping.

■ In the felony murder statute a specific statutory crime is named as an element of an aggravated offense. RCW 9A.32.030(1)(c)(1–5). That statute provides:

(1) A person is guilty of murder in the first degree when:

. . .

(c) He commits or attempts to commit the crime of either (1) robbery, in the first or second degree, (2) rape in the first or second degree, (3) burglary in the first degree, (4) arson in the first degree, or (5) kidnaping, in the first or second degree, . . .

There the legislature expressly named the degrees of the aggravating offense. The legislature knew the difference between kidnaping in the first degree and kidnaping in the second degree. Having made no distinction in the degrees of kidnaping in the rape statute, we must conclude that the

legislature intended the kidnaping to be given a generic meaning as used in the rape statute so as to encompass whatever degrees of the offense provided within the criminal code.

■ This reading of the statute must be limited, however, by the requirement that any aggravating element of a crime have a factual basis different from that for other elements of the crime. In *State v. Caldwell*, 23 Wn. App. 8, 591 P.2d 849 (1979), this court held that the rule of lenity precludes use of possession of a firearm both to aggravate second–degree assault to first degree and to enhance punishment pursuant to RCW 9.41.025. The Supreme Court reached a similar result using the same rationale in *State v. Workman*, 90 Wn.2d 443, 584 P.2d 382 (1978), a first–degree robbery case in which the punishment had been enhanced by RCW 9.41.025. Dictum to the same effect appears in *State v. Foster*, 91 Wn.2d 466, 477, 589 P.2d 789 (1979).[1] In choosing between which of the two degrees of kidnaping to use for instructing the jury in a first–degree rape case based upon RCW 9.79.170(b) it is incumbent upon the trial court and counsel to review the evidence and the elements of the offenses of rape and kidnaping to insure that the kidnaping used as an aggravating element has a separate factual basis from the essential elements of the rape itself.

In this case, the jury was instructed that kidnaping is an intentional abduction, defined as restraint either by "(a) secreting or holding him in a place where he is not likely to be found, or (b) using or threatening to use deadly force;". RCW 9A.40.010(2). There is substantial evidence of either alternative; certainly Pawling's removal of the victim from her parents' house to the waterfront after 10 p.m. would constitute restraint by secreting or holding in an unlikely place. There is also evidence of the threatened use of

---

[1] Use of the same evidence as the basis of two separate offenses violates the double jeopardy clause. *State v. Hinz*, 22 Wn. App. 906, 594 P.2d 1350 (1979); *Simpson v. United States*, 435 U.S. 6, 55 L. Ed. 2d 70, 98 S. Ct. 909 (1978).

deadly force, which is distinct from the charge that Pawling was armed with a deadly weapon. The only danger of impermissible overlap in these facts is that the jury may have believed that the "forcible compulsion" component of the rape could be the basis of the "secreting or holding in an unlikely place" component of the kidnaping. We read the instructions as making clear this necessary distinction. There is ample evidentiary support for both separate elements. We, therefore, conclude that the trial court committed no error in instructing the jury as it did.

### ABSENCE OF DEFINITION OF ASSAULT

The two alternative aggravating elements distinguishing first–degree burglary from second–degree burglary are (a) possession of a deadly weapon and (b) assault of a person in the dwelling. RCW 9A.52.020. Inasmuch as the jury found the defendant guilty of first–degree burglary, but found that he was not armed with a deadly weapon, the first–degree burglary conviction must have been based on the assault alternative.

██ Even though no instruction defining assault was requested at trial and no objection lodged against the failure to give such an instruction, the defendant urges us to consider the question here, claiming that the error is of constitutional stature. *State v. Modica,* 18 Wn. App. 467, 569 P.2d 1161 (1977). The basis of the argument is that every element of an offense must be proven beyond a reasonable doubt, and where the jury has not been instructed as to the constituent elements of an offense no court can say that the jury has been so convinced. *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1968 (1970); *State v. McHenry,* 13 Wn. App. 421, 535 P.2d 843 (1975); *aff'd,* 88 Wn.2d 211, 558 P.2d 188 (1977). The constitutional requirement is only that the jury be instructed as to each element of the offense charged. *State v. Emmanuel,* 42 Wn.2d 799, 259 P.2d 845 (1953). Here the jury was so instructed. The failure of the court in the case at bench to define further one of those elements is not within the ambit

of the constitutional rule. The claimed error not being of constitutional magnitude, we need not treat it here.

Moreover, there was no necessity for an instruction defining assault. At trial it was undenied that an assault had taken place when the assailant first encountered J. L. in the hallway of her parents' home. The word "assault" is not exclusively of legal cognizance, and an understanding of its meaning can fairly be imputed to laymen. Where the legislature has not defined a term, we must give it its everyday meaning. *East v. King County,* 22 Wn. App. 247, 589 P.2d 805 (1978).

The jury was adequately informed as to the meaning of assault. An instruction defining assault was properly neither requested nor given.

Affirmed.

SWANSON and WILLIAMS, JJ., concur.

Reconsideration denied June 26, 1979.

Review denied by Supreme Court November 9, 1979.