[No. 49967–5. En Banc. March 15, 1984.]

THE STATE OF WASHINGTON, *Respondent*, v. GREGORY ALLEN, *Petitioner*.

*Kim S. Wakefield* of *Washington Appellate Defender Association,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Frederick L. Yeatts, Senior Trial Attorney,* for respondent.

DORE, J.—Petitioner, Gregory Charles Allen, appeals his conviction for attempted second degree burglary. The issue here is whether the trial court erred in refusing to instruct the jury on the statutory definition of "intent". We hold that the petitioner was entitled to the instruction, and reverse.

The complaining witness, Lilian Sorensen–Viale, testified that on the afternoon of July 10, 1981 she had just finished taking a shower when she heard a loud noise. Sorensen–Viale went downstairs and saw Allen pacing back and forth on her patio deck. This deck was about 4 to 5 feet above ground level and did not have stairs to the ground. The man pointed to the sliding glass door and then at Sorensen–Viale. Frightened that the man might get in, she telephoned the police. Allen shrugged his shoulders, jumped off the deck, went to his car, and drove away. Sorensen–Viale then noticed that adjacent to the sliding door one of the window frames was bent, the screen was off, there were pry marks on the window, and the window was almost open.

Allen was stopped by a police officer a short distance

away for going 40 miles per hour in a 20–mile–per–hour zone. When the arresting officer found that Allen had outstanding traffic citations, he turned Allen over to another officer and went to investigate a recent burglary call. The caller turned out to be Sorensen–Viale. Her description of Allen's car matched the one the officer had just pulled over.

Allen's story was that he had met an old friend the previous day and received directions to the friend's home in an unfamiliar neighborhood in Redmond. He drove there and stayed the night. When the friend left the next morning to take care of some business, he gave Allen directions to go to the local 7–11 store. Allen says that he was half asleep when he received these directions and did not write them down. Sometime in the afternoon, he got up, drank some beers, and headed for the 7–11 store to buy more. Confused, Allen stopped in front of the Sorensen–Viale house to ask directions. When there was no answer at the front door, he went to the back, jumped on the deck and knocked again. Again he received no response. He leaned against the window while looking in. A woman then walked into the room which looked out on the deck. When Allen asked to talk to her, she went and picked up the telephone. Thinking she was calling the police, Allen hopped off the deck and went to his car and drove away.

Allen's friend basically confirmed those portions of Allen's story of which he was a participant.

When the time came for counsel to take exceptions to the court's charge, the defense excepted to the court's decision not to give WPIC 10.01, based on RCW 9A.08.010(1)(a):

> A person acts with intent or intentionally when he acts with the objective or purpose to accomplish a result which constitutes a crime.

Defense counsel told the court of the proposed instruction's origin and said that "[a]ccording to Washington Pattern Instruction 10.01, this instruction should be added when intent forms one of the elements of the crime." Report of Proceedings, at 8. The court noted defendant's exceptions.

The court instructed the jury that a person commits

attempted second degree burglary "when, with intent to commit that crime, he or she does any act which is a substantial step toward the commission of that crime." Report of Proceedings, at 14. The "elements" instruction was phrased differently. It said that one of the elements of the crime was "[t]hat the attempted entering or remaining was with intent to commit a crime against a person or property therein." Report of Proceedings, at 14.

The court also instructed the jury on the lesser included offense of first degree criminal trespass. It instructed that the elements of the crime of first degree criminal trespass were that the defendant knowingly entered or remained unlawfully in a building. The court refused to give the petitioner's requested instruction WPIC 10.02, defining "knowingly".

The jury found petitioner guilty of attempted second degree burglary.

On appeal, Allen argued that the trial court erred in refusing his instruction defining intent. The Court of Appeals held that while the constitution requires that the jury be instructed on each element of the crime, it does not require that the elements be further defined.

I

It is clear that the trial court must instruct the jury on every element of the crime. *State v. Emmanuel,* 42 Wn.2d 799, 819, 259 P.2d 845 (1953). Failure to inform the jury that there is an intent element is thus a "fatal defect" requiring reversal. *State v. Carter,* 4 Wn. App. 103, 110–11, 480 P.2d 794 (1971). It is less clear whether the jury must be further instructed as to a statutory definition of an element of a crime. The cases generally hold that trial courts must define technical words and expressions used in jury instructions, but need not define words and expressions that are of common understanding. *E.g., State v. Davis,* 27 Wn. App. 498, 618 P.2d 1034 (1980); *State v. Pawling,* 23 Wn. App. 226, 597 P.2d 1367, *review denied,* 92 Wn.2d 1035 (1979).

Petitioner's proposed instruction, WPIC 10.01, is patterned after RCW 9A.08.010(1)(a). Petitioner's argument is based primarily on the contention that "intent" is a technical term of art having a precise meaning in the criminal code. The jury is required to find that the petitioner "acted with the objective or purpose to accomplish a result which constitutes a crime" before it can find him guilty of attempted second degree burglary. This requisite state of mind is the element separating burglary from the lesser included offense of criminal trespass. The jury must have sufficient guidance from the court as to the requisite state of mind separating the offenses. Petitioner Allen's basic theory of defense to the charge of attempted second degree burglary was the lack of the requisite mental state.

█ In a charge of attempt to commit second degree burglary, it is the crime of second degree burglary which identifies the kind of intent required. *See State v. Davis,* at 508 n.5; W. LaFave & A. Scott, *Criminal Law* 429 (1972). The crime of attempted burglary is historically considered a specific intent crime. The concept of specific intent involves an intention in addition to the intention to do the physical act. *State v. Edmon,* 28 Wn. App. 98, 621 P.2d 1310, *review denied,* 95 Wn.2d 1019 (1981). RCW Title 9A was designed to replace the concepts of specific and general intent with four levels of culpability in RCW 9A.08.010. *Edmon,* at 103–04. *See also State v. Griffin,* 100 Wn.2d 417, 670 P.2d 265 (1983); *State v. Smith,* 31 Wn. App. 226, 640 P.2d 25 (1982). This statute defines four levels of culpability applicable to the Washington Criminal Code: intent, knowledge, recklessness, and criminal negligence. The statutory scheme creates a hierarchy of mental states for crimes of increasing culpability. *State v. Shipp,* 93 Wn.2d 510, 515, 610 P.2d 1322 (1980). When the grade or degree of an offense depends on whether the offense is with one of the four levels of culpability, its grade or degree shall be the lowest for which the determinative kind of culpability is established with respect to any material element of the offense. RCW 9A.08.010(3).

## II

In defining the hierarchy of four levels of culpability, it is apparent that the Legislature gave these culpable mental states technical meanings as opposed to their commonly understood meanings.

Other jurisdictions support this proposition. In *Screws v. United States*, 325 U.S. 91, 89 L. Ed. 1495, 65 S. Ct. 1031 (1945), a sheriff and two assistants were prosecuted for "willfully" depriving an individual of his civil rights in violation of federal law. The Supreme Court reversed their conviction. The Court held that the trial court erred in not instructing the jury that, in order to convict, it must find that the defendants had the purpose to deprive the prisoner of a constitutional right.

*Screws* could be viewed as holding only that reversal was required because the trial court failed to submit to the jury an essential element of the crime. *Screws*, at 107. On the other hand, the opinion also includes the following language:

> We recently pointed out that "willful" is a word "of many meanings, its construction often being influenced by its context." At times . . . the word denotes an act which is intentional rather than accidental. But "when used in a criminal statute it generally means an act done with a bad purpose." In that event something more is required than the doing of the act proscribed by the statute. An evil motive to accomplish that which the statute condemns becomes a constituent element of the crime. And that issue must be submitted to the jury under appropriate instructions.

(Citations omitted.) *Screws*, at 101.

In *United States v. Kerley*, 643 F.2d 299 (5th Cir. 1981), the court relied on *Screws* in holding that in prosecution for willful deprivation of constitutional rights by a person acting under color of law, the trial court committed reversible error in failing to define the element of willfulness.

Particularly persuasive are two recent decisions of the courts of Indiana. As in Washington, the Indiana criminal code has a provision defining mental states of culpability.

These include the terms "intentionally" and "knowingly". In *Smith v. State,* ___ Ind. ___, 422 N.E.2d 1179, 1184 (1981), the Supreme Court for Indiana held:

> [T]he instruction uses the words "recklessly, knowingly or intentionally." Under our penal code, these are terms of art; that is, they have special legal definitions. Ind.Code § 35–41–2–2 (Burns 1979 Repl.) We have held that the use of a word of art in an instruction requires a further instruction on the definition of that word. *Martin v. State,* (1974) 262 Ind. 232, 246, 314 N.E.2d 60, 70, *reh. denied,* 262 Ind. 232, 317 N.E.2d 430, *cert. denied,* (1975) 420 U.S. 911, 95 S.Ct. 833, 42 L.Ed.2d 841. *Cf. Lock v. State,* (1980) Ind., 403 N.E.2d 1360. However, Smith tendered no additional instructions on the meaning of these terms. For these reasons, the tendered instruction was confusing and thus properly refused. The trial court did not err in refusing appellant's tendered instruction number five.

Subsequently, in *Nash v. State,* ___ Ind. App. ___, 433 N.E.2d 807, 812 (1982), the court held that the trial court committed reversible error in failing to define such terms:

> While the trial court gave an accurate instruction concerning the statutory offense of theft, it did not attempt to define the terms "intentionally" or "knowingly." Nash's tendered instruction was a correct statement of the law in that it recited verbatim from I.C. 35–41–2–2 which specifically defines the terms. Whether Nash engaged in conduct "knowingly" was a critical issue. The trial court therefore erred in refusing Defendant's Proposed Instruction No. 2.

▐ The crimes of second degree burglary and the lesser included offense of first degree criminal trespass include specific mental states; for burglary, intent to commit a crime, and for trespass, knowing unlawful entry into or remaining in a building. Intent and knowledge have been statutorily defined by the Legislature. RCW 9A.08.010(1)(a) and (1)(b). These culpable mental states, because they have been statutorily defined, have specific legal definitions aside from any common understanding or dictionary definitions which might be ascribed to them. When the trial court

refused to submit the statutory instruction defining "intent," the jury was forced to find a common denominator among each member's individual understanding of these terms and to determine on its own just what was their meaning. There is no way to ascertain whether they used the proper, statutory definitions. Although the jurors may be able to hammer out a definition for intent and knowledge among themselves, it cannot be assumed that these definitions would match those established by the Legislature for use at trial.

## CONCLUSION

An instruction, when requested, defining intent in the words of RCW 9A.08.010(1)(a), is required when intent is an element of the crime charged.

Reversed.

ROSELLINI, UTTER, and PEARSON, JJ., and CUNNINGHAM, J. Pro Tem., concur.

DOLLIVER, J. (dissenting)—It is hardly breaking new judicial ground to assert jury instructions are to be read as a whole and each instruction must be read in connection with all others given. *State v. Thompson,* 88 Wn.2d 518, 564 P.2d 315 (1977). While I agree with the majority that the jury must be instructed on each element of the crime, *State v. Emmanuel,* 42 Wn.2d 799, 820, 259 P.2d 845 (1953), there is no constitutional requirement that the court further define one of the elements. *State v. Pawling,* 23 Wn. App. 226, 232–33, 597 P.2d 1367 (1979). Rather, jury instructions are sufficient if they are readily understood, not misleading to the ordinary mind, and permit the theory of the case to be argued by a party to the jury. *Petersen v. State,* 100 Wn.2d 421, 441, 671 P.2d 230 (1983).

The only error defendant assigns is that proposed instruction 8 was not given:

A person acts with intent or intentionally when acting with the objective or purpose to accomplish a result which constitutes a crime.

The following instructions were given by the court:

## No. 4

To convict the defendant Gregory Allen of the crime of Attempted Burglary in the Second Degree, each of the following elements of the crime must be proved beyond a reasonable doubt:

(1) That on or about July 10, 1981, the defendant unlawfully attempted to enter a building;

(2) That the attempted entering or remaining was with intent to commit a crime against a person or property therein; and

(3) That the acts occurred in King County, Washington.

If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

## No. 6

A person commits the crime of Attempted Burglary in the Second Degree when, with intent to commit that crime, he or she does any act which is a substantial step toward the commission of that crime.

Instruction 4 tracks the language of the second degree burglary statute, RCW 9A.52.030. Courts generally should use the language of the statute in instructing the jury where the law governing the case is expressed in the statute. *State v. Hardwick,* 74 Wn.2d 828, 830, 447 P.2d 80 (1968). This the court correctly did. There has never been a requirement, however, that the language of a statute must be used in an instruction. *Lindsey v. Elkins,* 154 Wash. 588, 283 P. 447 (1929).

Except for the omission of a gender reference, proposed instruction 8 is identical to the language of RCW 9A.08-.010(1)(a). Instruction 6 and proposed instruction 8 both further define the element "intent". I fail to see any fundamental difference between the message conveyed by the language in instruction 6 and the proposed instruction 8. Instruction 6 says essentially the same as proposed instruc-

tion 8 and is certainly less turgid. Reading the two instructions side by side, I believe any member of a jury would understand what was involved in "intent" and would probably understand the meaning much more clearly under the instruction given than the one proposed. *State v. Dana,* 73 Wn.2d 533, 536, 439 P.2d 403 (1968).

The court stated intent was an element of the crime (instruction 4) and gave a lucid and statutorily correct instruction on intent. Defendant's conviction should be affirmed.

I dissent.

WILLIAMS, C.J., and BRACHTENBACH and DIMMICK, JJ., concur with DOLLIVER, J.