

FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

2014 APR 28 AM 10: 48

# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 69509-6-I |
| Respondent, | |
| v. | DIVISION ONE |
| NELDIN ODAIR LICONA-RIVERA, | UNPUBLISHED OPINION |
| Appellant. | FILED: April 28, 2014 |

LEACH, J. — Neldin Licona-Rivera appeals his conviction for robbery in the first degree. He claims that the admission into evidence of recordings of telephone calls he placed to his mother and girl friend from the King County jail violated his rights under Washington's privacy act, chapter 9.73 RCW, and article I, section 7 of the Washington State Constitution. He also contests the court's burden of proof instruction that described "beyond a reasonable doubt" as "an abiding belief in the truth of the charge." Because Licona-Rivera cannot challenge on appeal the admission of the telephone conversations and he fails to show that the disputed jury instruction was improper, we affirm.

## Background

On March 6, 2012, the State charged Licona-Rivera with robbery in the first degree. While confined in the King County jail before trial, he placed telephone calls to his girl friend and his mother. The jail recorded these

conversations. Before each phone call, both Licona-Rivera and the recipient received audio notice that the conversation would be recorded.

At trial, over Licona-Rivera's objections, the court admitted into evidence both of these jail telephone conversations. A jury found Licona-Rivera guilty as charged.

Licona-Rivera appeals.

### Analysis

Licona-Rivera claims that recording telephone calls he placed to his girl friend and mother from the King County jail violated his rights under Washington's privacy act and article I, section 7 of the Washington State Constitution. He alleges that the trial court should have excluded these unlawful recordings.

Before trial, Licona-Rivera moved to exclude both telephone conversations for relevance under ER 801 and ER 803. He also argued that their admission "presents hearsay and 6th Amendment problems." At trial, Licona-Rivera advanced similar theories for exclusion. At no time did he oppose admission of the recordings as barred by the privacy act or article I, section 7.

Generally, a failure to move in the trial court to suppress improperly obtained evidence waives the right to raise the issue on appeal.[1] RAP 2.5(a)(3) allows a party to raise for the first time on appeal a "manifest error affecting a constitutional right." "A manifest error is one that 'actually affected the

---

[1] State v. Robinson, 171 Wn.2d 292, 304, 253 P.3d 84 (2011).

defendant's rights; it is the showing of actual prejudice that makes the error manifest."[2] Because Licona-Rivera's privacy act claim does not implicate a constitutional right, we do not address it.

This court previews the merits of a constitutional argument to determine if it is likely to succeed.[3] Because Licona-Rivera has shown no constitutional error, he may not challenge the admission of the recordings on constitutional grounds for the first time on appeal.

Article I, section 7 of the state constitution provides that "[n]o person shall be disturbed in his private affairs . . . without authority of law." To determine if a certain interest is a private affair, "'a central consideration is the nature of the information sought—that is, whether the information obtained . . . reveals intimate or discrete details of a person's life.'"[4]

In State v. Archie,[5] this court held that this privacy interest does not protect "agreed to recordings or to the dissemination of a jail inmate's calls."[6] We recently affirmed this holding in State v. Haq.[7] In Haq, we explained that "the

---

[2] In re Det. of Sease, 149 Wn. App. 66, 75, 201 P.3d 1078 (2009) (quoting State v. McFarland, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995)).

[3] State v. Walsh, 143 Wn.2d 1, 8, 17 P.3d 591 (2001) (citing State v. WWJ Corp., 138 Wn.2d 595, 603, 980 P.2d 1257 (1999)).

[4] State v. Haq, 166 Wn. App. 221, 256-57, 268 P.3d 997 (alteration in original) (quoting State v. Jorden, 160 Wn.2d 121, 126, 156 P.3d 893 (2007)), review denied, 174 Wn.2d 1004 (2012).

[5] 148 Wn. App. 198, 199 P.3d 1005 (2009).

[6] Haq, 166 Wn. App. at 257 (citing Archie, 148 Wn. App. at 203-04).

[7] 166 Wn. App. 221, 257-58, 268 P.3d 997, review denied, 174 Wn.2d 1004 (2012).

holding in <u>Archie</u> was based on the defendant's limited privacy rights as a detainee, combined with warnings of possible recording."[8]

In <u>Archie</u> and <u>Haq</u>, signs posted near the telephones warned the inmates that the calls would be recorded.[9] And a recorded message at the beginning of the phone calls provided a similar warning.[10] In these cases, admitting into evidence the recordings of jail telephone calls did not violate the defendants' privacy rights.[11]

This case is analogous to <u>Archie</u> and <u>Haq</u>. Licona-Rivera was a detainee at the King County jail. Before he placed a call, a recorded message informed him that the call was "subject to monitoring and recording." Licona-Rivera had to "press one to accept this policy or press two to refuse and hang up." When the recipient answered the phone, a recorded message stated,

> Hello. This is a prepaid debit call from: Neldin. An inmate at the King County Detention Facility. To accept this call press zero. To refuse this call hang up or press one. To prevent calls from this facility press nine. . . . This call is from a correctional facility and is subject to monitoring and recording. After the beep, press one to accept this policy or press two to refuse and hang up.

Consequently, admitting the telephone recordings into evidence did not violate Licona-Rivera's privacy right.

Licona-Rivera also challenges the court's jury instruction defining the State's burden of proof:

---

[8] <u>Haq</u>, 166 Wn. App. at 258.
[9] <u>Archie</u>, 148 Wn. App. at 201; <u>Haq</u>, 166 Wn. App. at 258.
[10] <u>Archie</u>, 148 Wn. App. at 201; <u>Haq</u>, 166 Wn. App. at 258.
[11] <u>Archie</u>, 148 Wn. App. at 201; <u>Haq</u>, 166 Wn. App. at 258.

A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence. It is such a doubt as would exist in the mind of a reasonable person after fully, fairly, and carefully considering all of the evidence or lack of evidence. If, from such consideration, you have an abiding belief in the truth of the charge, you are satisfied beyond a reasonable doubt.

We review a challenged jury instruction de novo, examining it in the context of the instructions as a whole.[12] Jury instructions must inform the jury that the State bears the burden of proving every essential element of the offense beyond a reasonable doubt.[13] A court commits reversible error if its instructions relieve the State of this burden.[14] Instructions must also properly inform the jury about the applicable law and must not mislead the jury.[15]

Licona-Rivera claims, "Equating proof beyond a reasonable doubt with 'belief in the truth' of the charge confuses the critical role of the jury." We disagree.

In State v. Pirtle,[16] our Supreme Court approved a similar instruction, concluding,

Without the last sentence, the jury instruction here follows WPIC 4.01 [11 Washington Practice: Washington Pattern Jury Instructions: Criminal 4.01, at 65 (2d ed. 1994)], which previously

---

[12] State v. Castillo, 150 Wn. App. 466, 469, 208 P.3d 1201 (2009) (citing State v. Bennett, 161 Wn. 2d 303, 307, 165 P.3d 1241 (2007)).

[13] Bennett, 161 Wn.2d at 307 (citing Victor v. Nebraska, 511 U.S. 1, 5-6, 114 S. Ct. 1239, 127 L. Ed. 2d 583 (1994)).

[14] State v. Pirtle, 127 Wn.2d 628, 656, 904 P.2d 245 (1995) (citing State v. Allen, 101 Wn.2d 355, 358, 678 P.2d 798 (1984); State v. Roberts, 88 Wn.2d 337, 340, 562 P.2d 1259 (1977)).

[15] Bennett, 161 Wn. 2d at 307 (citing State v. LeFaber, 128 Wn.2d 896, 903, 913 P.2d 369 (1996)).

[16] 127 Wn.2d 628, 658, 904 P.2d 245 (1995). The court in Pirtle approved an instruction based upon a prior edition of the Washington Pattern Jury Instructions, but the relevant language is unchanged.

has passed constitutional muster. The addition of the last sentence does not diminish the definition of reasonable doubt given in the first two sentences, but neither does it add anything of substance to WPIC 4.01. WPIC 4.01 adequately defines reasonable doubt. Addition of the last sentence was unnecessary but was not an error.

Notably, although the court in Pirtle questioned the usefulness of the "abiding belief" language, it found that this language did not diminish the State's burden of proof.[17]

Licona-Rivera relies upon State v. Emery,[18] where the prosecutor told the jury to "speak the truth by holding these men accountable for what they did." The court found this remark improper, explaining, "The jury's job is not to determine the truth of what happened; a jury therefore does not 'speak the truth' or 'declare the truth.' Rather, a jury's job is to determine whether the State has proved the charged offenses beyond a reasonable doubt."[19] Licona-Rivera also relies upon State v. Berube,[20] in which the prosecutor asked the jury to "search for the truth, not a [sic] search for reasonable doubt." The court found this comment improper, reasoning that "truth is not the jury's job."[21]

We distinguish the "abiding belief" language in the jury instruction here from the prosecutors' comments in Emery and Berube. In those cases, the prosecutor told the jury to speak or search for the truth, which mischaracterized the jury's role and the State's burden of proof. Here, the challenged instruction

---

[17] Pirtle, 127 Wn.2d at 658.
[18] 174 Wn.2d 741, 751, 278 P.3d 653 (2012).
[19] Emery, 174 Wn.2d at 760 (citation omitted).
[20] 171 Wn. App. 103, 120, 286 P.3d 402 (2012), review denied, 178 Wn.2d 1002 (2013).
[21] Berube, 171 Wn. App. at 120.

did not direct jurors to find the truth; it merely elaborated on the meaning of "satisfied beyond a reasonable doubt." Licona-Rivera fails to show that the court's instruction was improper.

## Conclusion

Because Licona-Rivera does not demonstrate a manifest error affecting a constitutional right, he cannot challenge on appeal the admission of the jail telephone conversations. Licona-Rivera fails to show that the court's burden of proof instruction was improper. We affirm.

_Leach, J._

WE CONCUR: