[No. 41928.    Department One.    October 28, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. DANIEL W. CONKLIN, *Appellant*.

*Stock & Welch,* by *Eugene A. Stock,* for appellant (appointed counsel for appeal).

*Robert E. Schillberg, Prosecuting Attorney,* and *Arnold M. Young, Deputy,* for respondent.

NEILL, J.—Defendant appeals from his conviction of first-degree forgery under RCW 9.44. The charge arose from the passing of a check at a gasoline service station in Lynnwood. The check was drawn against the account of a Jerry Mack and purportedly signed by him. In fact, the signature was not Mack's. Defendant entered a general plea of not guilty and at trial offered evidence and instructions on alibi, intoxication and authorization.

The assignments of error relate principally to the rejection by the trial court of offered testimony and instructions. One other assignment of error—that the trial court gave confusing instructions—will not be considered. The instructions complained of are not set forth in defendant's brief nor has he presented argument or authority

in support of the assignment. ROA I-42 and ROA I-43; *State v. Orange,* 78 Wn.2d 571, 478 P.2d 220 (1970).

One of defendant's defenses was that, even if he committed the act of passing the spurious check, he was so intoxicated by the use of drugs and lack of sleep that he was unable to form the specific intent to commit forgery. In support of the intoxication defense, defendant attempted to elicit testimony from a Mr. Lee as to defendant's condition. The court sustained the state's objection to this testimony as irrelevant on the basis that, as defendant had unequivocally denied his presence at the service station, he could not then produce evidence to the effect that he was present, but intoxicated. The court also refused defendant's requested instruction on the intoxication issue.

A plea of not guilty permits all defenses, excepting insanity and prior conviction or acquittal. *See* RCW 10.40.180; RCW 10.76.020; *State v. Miller,* 168 Wash. 687, 13 P.2d 52 (1932). *See also* RCW 10.37.033. The state must prove each necessary element of the offense charged beyond a reasonable doubt, and defendant may challenge the state's proof at every turn. *See* 30 Am. Jur. 2d *Evidence* § 1172 (1967).

A necessary element of the crime of first-degree forgery, as charged, is a specific intent to defraud. RCW 9.44.020; RCW 9.44.060. Intoxication such as to render the accused incapable of forming the criminal intent is a defense to the charge. RCW 9.01.114. "Intoxication" includes that produced by drugs. *State v. Dana,* 73 Wn.2d 533, 439 P.2d 403 (1968). The question of the degree and effect of the asserted intoxication upon defendant's capacity to form the required intent is a question for the jury. *State v. Tyler,* 77 Wn.2d 726, 466 P.2d 120 (1970); *State v. Mitchell,* 65 Wn.2d 373, 397 P.2d 417 (1964). It was error to exclude defense testimony on this question.

Defendant's proposed instruction setting forth the terms of RCW 9.01.114 and adding that intoxication may be induced by drugs as well as alcohol was refused. While the instructions given did express that "intent to defraud" is a

necessary element, nowhere in the instructions is the jury informed as to the effect of intoxication upon the formation of criminal intent. The failure to instruct the jury on defendant's theory of the case on this point was error. *See, State v. Steele,* 150 Wash. 466, 273 P. 742 (1929).

Defendant also asserts that the trial court erroneously excluded testimony by Mr. Lee regarding the day on which defendant purchased an automobile. The testimony was offered in conjunction with defendant's alibi that he was engaged elsewhere in work on a friend's car at the time the check was passed. The testimony as to the date on which defendant acquired his automobile tended, under the circumstances, to establish the time when he claims to be working elsewhere on the other automobile. Such relevant testimony should have been allowed. *State v. Schock,* 41 Wn.2d 572, 250 P.2d 516 (1952); *Bloomquist v. Buffelen Mfg. Co.,* 47 Wn.2d 828, 289 P.2d 1041 (1955). *Accord: State v. Gersvold,* 66 Wn.2d 900, 406 P.2d 318 (1965).

Defendant asserted that Jerry Mack had authorized defendant to write checks in his (Mack's) name. The trial court excluded certain testimony as to the reputation of Jerry Mack in connection with the checking account, refused defendant's requested instruction to the effect that the state must prove beyond a reasonable doubt that defendant was not authorized to sign the check, and refused defendant's requested addition to an instruction given which would have had the same effect.

Defendant's statement of the law is correct. *State v. Petridge,* 106 Wash. 445, 180 P. 150 (1919). In *State v. Morse,* 38 Wn.2d 927, 234 P.2d 478 (1951), we concluded that this requirement may be met by circumstantial evidence. The state relies upon certain language in *State v. Haislip,* 77 Wn.2d 838, 842, 467 P.2d 284 (1970), as indicating that the prior cases had been overruled. Such a reading is possible only if a single sentence in that opinion is taken out of context. In context, it is clear that we relied upon *State v. Morse, supra,* rather than overruling the case.

Defendant should have been permitted to introduce the testimony, as it was relevant in support of his claim of authorization.

While it is true defendant's requested instruction as to authorization adequately set forth the law relating thereto, and the instructions given did not inform the jury that authorization is a valid defense, we do not deem the failure to give the instruction error. The record indicates that defendant, testifying under oath, twice stated that he had no authorization to sign this check. In view of these unequivocal and crucial admissions, we are convinced beyond a reasonable doubt there was no prejudice to the defendant in the failure to give the instruction.

Defendant's final claim is that the trial court erred in admitting as exhibits two pieces of personal identification which had been falsified by him. This evidence was admissible for the purpose of showing intent and common scheme or plan in connection with the charge of forgery. *State v. Goebel*, 40 Wn.2d 18, 240 P.2d 251 (1952).

The state contends that the errors chronicled above were harmless. No error which affects or presumptively affects the final results of a trial can be considered harmless. *State v. Nist*, 77 Wn.2d 227, 461 P.2d 322 (1969), and cases there cited.

As to the defense of intoxication, the state asserts that the gist of this defense was presented to the jury by defense counsel's questions and closing argument and by defendant's own testimony that he was intoxicated. Thus, the state argues, exclusion of the particular testimony was not prejudicial since substantially the same matter was introduced elsewhere. We disagree. While defendant claimed, and his counsel argued, that he was drug-intoxicated, in absence of the testimony offered there was no independent corroborative evidence on this point. We cannot say beyond a reasonable doubt that the jury would have convicted defendant had he been allowed to develop his theory of defense and receive the benefit of adequate instructions thereon. *See State v. Music*, 79 Wn.2d

699, 489 P.2d 159 (1971). Therefore, we must deem these errors prejudicial.

If any error is prejudicial, a new trial is warranted. Having determined that the errors relating to the defense of intoxication were prejudicial, we reverse and remand for a new trial.

HAMILTON, C.J., FINLEY, HUNTER, and STAFFORD, JJ., concur.