553 P.2d 839 (1976)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Thomas Louis GREEN, Defendant-Appellant.
No. 75-738.
Colorado Court of Appeals, Div. III.
July 29, 1976.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Lynne Ford, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, Colorado State Public Defender, Norman R. Mueller, Deputy State Public Defender, Denver, for defendant-appellant.
Selected for Official Publication.
BERMAN, Judge.
Defendant appeals his conviction by a jury of second degree burglary. We reverse.
At the trial, the People sought to prove that defendant broke into a vacant house and removed a refrigerator which he loaded into the back of a pickup prior to a police officer arriving on the scene. Defendant conceded removing the refrigerator. His defense was that since he thought he had purchased the refrigerator several days earlier, he lacked the specific intent necessary to commit second degree burglary. See § 18-4-203 C.R.S.1973; People v. Archuleta, 180 Colo. 156, 503 P.2d 346. He testified that one evening at a nightclub he met a man, known to him as Bob Robertson; that Robertson said he was moving to California and wished to sell his refrigerator; that he paid Robertson $75 for it; that Robertson gave him directions, which defendant wrote down, to the house where the refrigerator was; and that Robertson said he would leave the house unlocked so defendant could pick up the refrigerator if he was not there.
*840 Prior to this testimony, defendant attempted to present to the jury the testimony of a third person who was present during defendant's discussion and transaction with Robertson. When the People objected on the ground of hearsay, the court refused to permit this witness to relate what Robertson said to defendant.
Defendant's sole contention on appeal is that the court's exclusion of the witness' testimony was prejudicial error. The People concede in our court that the testimony should have been admitted since it was offered to prove defendant's state of mind or intent, and was not offered to prove the truth of the matter asserted. See People v. Burress, 183 Colo. 146, 515 P.2d 460. The People assert, however, that the error was not prejudicial. We disagree.
There is no merit to the People's argument that the portion of defendant's testimony which the witness would corroborate was "uncontested." The only real issue in this case was whether defendant, upon entering the house, had the intent to commit theft therein. If the jury believed defendant's version of events, they were required to find him not guilty. If they disbelieved him, they had an obligation to find him guilty. The People, at trial and in closing argument, "contested" the issue of defendant's intent vigorously.
While it is true that the witness' testimony, heard in camera, was not as favorable as defendant's attorney represented it to be in his oral offer of proof, the testimony did, nevertheless, corroborate defendant's version, and it should have been presented to the jury.
To deny defendant the right to present any independent corroborative testimony on a material issue must be considered prejudicial error. Such testimony is "cumulative" to the extent that the defendant testifies to the same facts or events. However, "[w]e know of no rule that prohibits a person on trial for a criminal offense from introducing cumulative testimony upon any fact material to the case, within reasonable limits, and it is manifest that [such testimony should not be prohibited when it] is sought to be introduced to corroborate his own statement, which, by reason of his interest in the result of the trial, may be, and often is, looked upon by the jury with some degree of suspicion." Moore v. People, 26 Colo. 213, 57 P. 857. See also State v. Conklin, 79 Wash.2d 805, 489 P.2d 1130; People v. Linder, 5 Cal.3d 342, 96 Cal.Rptr. 26, 486 P.2d 1226; State v. Wallace, 97 Ariz. 296, 399 P.2d 909.
"The issue of specific intent was clearly one for the jury to [resolve] from all the evidence and reasonable inferences that could be drawn therefrom." People v. Romero, 182 Colo. 50, 511 P.2d 466. (emphasis added) Here, the jury was denied the opportunity to consider all the evidence.
Accordingly, the judgment is reversed and the cause is remanded for a new trial.
KELLY and STERNBERG, JJ., concur.