[No. 49654-4. En Banc. October 13, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. MARK A. GRIFFIN, *Petitioner.*

*Raymond H. Thoenig* and *Paris K. Kallas* of *Washington Appellate Defender Association,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Deborah J. Phillips, Deputy,* for respondent.

DOLLIVER, J.—Defendant, Mark Anthony Griffin, appeals his conviction of three counts of forgery under RCW 9A.60.020(1)(a). He alleges the trial court erred in declining to give a proposed jury instruction for the defense of diminished capacity.

Griffin lived with Beverly Clark from July 1979 until the middle of 1980. He gave her money from time to time for expenses. In December 1980 he took three blank checks from Clark. Without her permission, he cashed the checks on December 16, 17, and 23 for the respective amounts of $50, $50, and $100. Although admitting he signed the checks, Griffin neither recalled going to the bank nor cashing them.

At trial, Griffin's counsel proposed a diminished capacity jury instruction. The trial court declined to use the instruction on the basis that an instruction on the elements of forgery and an instruction on intent, WPIC 10.01, sufficed. We disagree.

Under *State v. Ferrick,* 81 Wn.2d 942, 506 P.2d 860, *cert. denied,* 414 U.S. 1094 (1973), for the court to give a jury instruction on diminished capacity there must be

> substantial evidence of such a condition, [and] the evidence must logically and reasonably connect the defendant's alleged mental condition with the asserted inability to form the required specific intent to commit the crime charged.

81 Wn.2d at 944-45.

■ *Ferrick* allowed a diminished capacity instruction only when the defendant was unable to formulate the required *specific intent* to commit the crime charged. With the codification of the four levels of culpability under RCW 9A.08.010, Laws of 1975, 1st Ex. Sess., ch. 260, p. 826, this rule must be modified. For a comprehensive discussion of this issue, *see State v. Edmon,* 28 Wn. App. 98, 103-04, 621 P.2d 1310, *review denied,* 95 Wn.2d 1019 (1981). Dimin-

ished capacity instructions are to be given whenever there is substantial evidence of such a condition and such evidence logically and reasonably connects the defendant's alleged mental condition with the inability to possess the required level of culpability to commit the crime charged.

From the record it appears that this 2–pronged test was met. Dr. Gerald J. McCarty, clinical psychologist and psychoanalyst, conducted two evaluations of Griffin and reviewed his extensive psychiatric records from various hospitals. Griffin had served two military tours of duty in Vietnam. Upon returning he was hospitalized in five different facilities for psychiatric treatment. Dr. McCarty concluded, as did previous doctors, that Griffin suffered from a catatonic type of paranoid schizophrenia as well as chronic alcoholism.

Additionally, Dr. McCarty on direct examination answered the following question in the affirmative.

[Question:] Doctor, can you state to a reasonable psychological certainty whether a person in the circumstances that we have discussed, eight years of severe mental disorders, hospitalization, treatment, nonmedication, hearing voices, alcohol, would it be your opinion that that person, as a result of the mental disorder, that that person's state of mind as a result of the mental disorder would be incapable of forming an intent to injure or defraud, under those circumstances?

[Answer:] Yes, that is my opinion.

Such expert opinion on diminished capacity is admissible when relevant to the issue of defendant's mental intent. *State v. Crenshaw*, 27 Wn. App. 326, 333, 617 P.2d 1041 (1980), *aff'd on other grounds*, 98 Wn.2d 789, 659 P.2d 488 (1983); *State v. Upton*, 16 Wn. App. 195, 201, 556 P.2d 239 (1976). Evidence of Griffin's diminished capacity was also confirmed by the defendant himself and Beverly Clark at trial. The State did not offer contrary testimony.

Although the jury in this case may have been presented with evidence to support a defense theory of diminished capacity, it was not properly instructed to understand the effect diminished capacity had upon formation of criminal

intent. Generalized instructions on criminal intent are not sufficient to apprise a jury of mental disorders which may diminish a defendant's capacity to commit a crime.

A similar error was made in *State v. Conklin*, 79 Wn.2d 805, 489 P.2d 1130 (1971). In *Conklin* the defendant was charged with first degree forgery and at trial introduced an intoxication defense which was refused. *State v. Conklin, supra* at 807. The court found error in that "[w]hile the instructions given did express that 'intent to defraud' is a necessary element, nowhere in the instructions is the jury informed as to the effect of intoxication upon the formation of criminal intent." *State v. Conklin, supra* at 807–08. *Accord, State v. Simmons*, 30 Wn. App. 432, 635 P.2d 745 (1981).

"Each side is entitled to have the trial court instruct upon its theory of the case if there is evidence to support that theory." *State v. Theroff*, 95 Wn.2d 385, 389, 622 P.2d 1240 (1980); *State v. Dana*, 73 Wn.2d 533, 536, 439 P.2d 403 (1968). In Griffin's trial there was abundant evidence in the record to show defendant's mental disorders impeded his ability to formulate the requisite intent. Denial of such instruction constitutes reversible error. *State v. Ladiges*, 66 Wn.2d 273, 277, 401 P.2d 977 (1965); *State v. Keller*, 30 Wn. App. 644, 649, 637 P.2d 985 (1981).

Reversed.

WILLIAMS, C.J., and ROSELLINI, STAFFORD, UTTER, BRACHTENBACH, DORE, DIMMICK, and PEARSON, JJ., concur.