Samuel W. **SIMMONS**, Appellant
(Defendant),

v.

The **STATE** of Wyoming, Appellee
(Plaintiff).

No. 83–172.

Supreme Court of Wyoming.

Jan. 20, 1984.

---

Leonard D. Munker, State Public Defender, Sylvia Lee Hackl, Appellate Counsel, and Victoria G. Huntoon, Asst. Public Defender, Wyoming State Public Defender Program, Cheyenne, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., Michael L. Hubbard, Margaret M. White, Asst. Attys. Gen., Cheyenne, and William Eichelberger, Deputy County and Pros. Atty., Fremont County, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

BROWN, Justice.

Appellant was convicted of aggravated assault with a dangerous or deadly weapon, a crime defined in § 6–4–506(b), W.S.1977.[1]

---

**1.** Section 6–4–506(b), W.S.1977, has been revised and renumbered and is now § 6–2–502, W.S.1977 (June 1983 Replacement).

The only issue is whether there was sufficient evidence to properly submit the case to the jury.

We will affirm.

In the evening and early morning hours before the alleged assault, appellant ingested profuse quantities of alcohol. Kenneth Erhart, Pete Vargas and Mark Johnson, drinking associates of appellant, went to his residence and sought admission. After appellant inquired who was knocking on his door, one of the trio identified himself and appellant opened the door. Upon being confronted by the three with a tire slashing incident, appellant denied knowledge of the episode and said, "All I know is I have a twelve gauge shotgun here in my lap." With the benefit of that advice, Erhart, appreciating the better part of valor, said, "I believe this conversation is over." With this discerning observation, Erhart quickly made for the door with Johnson leaving first and Vargas not far behind. Erhart and Johnson headed for Erhart's truck, and Vargas headed in a northerly direction to seek sanctuary in a garage. Appellant fired several shots from the door of his residence. The first shot was fired when Erhart and Johnson were near the front of the Erhart truck. Johnson did not tarry long in the vicinity of the truck but proceeded with more than deliberate speed in a northwesterly direction. After the first shot, Erhart dove toward the rear of his truck and took cover. He then opened the truck door and as he was putting his key into the ignition another shot was fired. Still another shot was fired as Erhart drove away. The Erhart truck was hit by three separate shotgun blasts. Pellets whistled by Johnson after one of the shots.

After Erhart, Johnson and Vargas quit appellant's premises, appellant later said he saw that one of them had a shiny object, and said he did not know if it was a knife, gun or a "whatever." Appellant said that about a month after firing the shots he found the jaw of a crescent wrench in his yard where Erhart, Johnson and Vargas had been.

At the conclusion of the state's case in chief, and again after all the evidence was introduced, appellant moved for a judgment of acquittal asserting that the state had failed to prove the elements of the crime charged. The motions were denied and the jury found appellant guilty of aggravated assault with a dangerous or deadly weapon.

On appeal appellant again asserts that the state failed to prove all of the elements of the crime charged. Specifically, appellant alleges that the evidence was insufficient for the following reasons:

1) Failure to prove that appellant committed an assault;

2) Failure to prove the necessary elements of malice;

3) Failure to prove a violent injury upon a human being.

The standard for reviewing the sufficiency of the evidence is well known and need not be recited at length. See *Cutbirth v. State,* Wyo., 663 P.2d 888 (1983).

The statute under which appellant was convicted provides:

"Whoever, while armed with a dangerous or deadly weapon, including an unloaded firearm, maliciously perpetrates an assault or an assault and battery upon any human being * * *." Section 6–4–506(b), supra.

We point out that the state in a criminal prosecution must prove all of the elements of the crime charged beyond a reasonable doubt. The elements of the crime charged here, in addition to venue and time, are:

—That the defendant maliciously perpetrated,

—an assault,

—upon another human being,

—while armed with a dangerous or deadly weapon.

However, a delineation of the bare bones elements as set out above and described in the statute is not all that is required for adequate instructions to the jury. At a minimum, the terms "assault," "maliciously," "intent," and "dangerous or deadly weapon" need to be defined for the jury.

*Brightwell v. State,* Wyo., 631 P.2d 1048, (1981).

Assault in the context of § 6–4–506(b), supra, is defined as:

" * * * the unlawful attempt with unlawful intent (maliciously) to commit a violent injury (attempted battery) upon the person of another * * * and the apparent ability to accomplish that injury." *Brightwell v. State,* supra, at 1050.

Malice is defined as "the intentional commission of a wrongful act by one person toward another, without legal justification or excuse." 52 Am.Jur.2d, Malice, § 1, p. 161 (1970). "The term 'maliciously' embraces, amongst other things, the element of unlawful intent." *Brightwell v. State,* supra, at 1049.

■ Intent may be inferred from the conduct of a defendant and from circumstantial evidence. To constitute assault with a dangerous or deadly weapon, actual injury need not be caused. *Brightwell v. State,* supra. Appellant fired three shotgun blasts while Erhart, Johnson and Vargas were retreating from his residence. One shot went into the windshield of Erhart's truck when he was in the truck and another while the truck was moving. This is overwhelming evidence for the jury to find that appellant intended to injure Erhart, Johnson and Vargas, and that an attempted battery was committed. Intent to injure the driver may be inferred from appellant firing a shotgun at a moving vehicle. *Fuller v. State,* Wyo., 568 P.2d 900 (1977). The state proved malice or unlawful intent by an abundance of evidence.

■ By any definition, a loaded twelve gauge shotgun is a dangerous or deadly weapon. Appellant does not contend otherwise. Appellant had the "apparent ability" to commit a violent injury on those fleeing from his premises with a loaded shotgun in hand.

■ Appellant asserts that he was acting in self-defense. It is difficult to see self-defense under the facts here. Erhart, Johnson and Vargas were retreating from appellant's premises when he fired the shots. In any event, the jury was fully instructed on self-defense and their verdict reflects that they did not believe that appellant acted in self-defense.

■ Appellant also contends that he could not have intended to injure anyone because he missed his targets at close range. The state was not required to explain why appellant missed; however, he was firing in the dark at fast moving targets that were scattering in several directions.

■ Appellant argued to the jury and on appeal that he could not have formed an intent to injure anyone because of his inebriated condition. However, no instruction was given nor requested on intoxication. Because of the nature of the offense charged and the evidence before the jury, an instruction on intoxication would not have been appropriate. There was no evidence that appellant was inebriated at the time of the shooting, but in any event, assault with a dangerous or deadly weapon is a general intent crime not requiring an instruction on intoxication.

■ There is some confusion regarding the intent necessary in an aggravated assault with a dangerous weapon charge. Being abundantly cautious, the trial court gave the jury a specific intent instruction. This instruction was unnecessary as the crime charged here is a general intent crime. *Carfield v. State,* Wyo., 649 P.2d 865 (1982); and *Brown v. State,* Wyo., 590 P.2d 1312 (1979). In defining "assault" the court used the term "present ability" rather than "apparent ability." The latter term would have been proper. *Brightwell v. State,* supra. The specific intent instruction and the definition of assault instruction gave appellant more than he was entitled to and placed a greater burden on the state. Specific intent is more difficult to prove than general intent and "present ability" is more difficult to prove than "apparent ability." Errors in instructions favorable to a defendant do not constitute reversible error. *Mainville v. State,* Wyo., 607 P.2d 339 (1980).

Appellant did not object to any of the instructions given nor did he offer any instructions that were refused. There was no reversible instructional error, and there was ample evidence to justify the court's submission of the case to the jury.

Affirmed.