Charles TOWNER, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 83–223.

Supreme Court of Wyoming.

Aug. 10, 1984.

Leonard D. Munker, State Public Defender, Wyoming Public Defender Program, and Sylvia Lee Hackl, Appellate Counsel (argued), Cheyenne, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., and Michael A. Blonigen, Asst. Atty. Gen. (argued), for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

CARDINE, Justice.

Appellant Charles Towner was convicted of four counts of concealing stolen goods in violation of § 6-7-304, W.S.1977.[1]

We will reverse.

Appellant's trial began on February 7, 1983. A motion to sequester the witnesses was granted. The State presented several witnesses who testified to various burglaries, the items which were taken, and the value of those items. Police officers testified concerning the search of the Towner residence and interview of appellant. There is no dispute that the stolen items were found in appellant's living quarters in the basement of his parents' home.

Appellant based his defense on lack of requisite knowledge that the items were stolen. One element necessary for conviction is that the person charged buy, receive or conceal stolen goods "knowing the same to have been stolen." § 6-7-304, supra. Appellant testified that his wife had brought the property into the residence; that he had believed her explanation that she was purchasing and had acquired the property lawfully. Appellant's wife was not available to be called as a witness at the trial. The defense then planned to call

---

1. Section 6-7-304, W.S.1977, as it appeared at the time of this offense, provided in part:

"Whoever buys, receives, conceals or aids in the concealment of anything of value, which has been stolen, embezzled or obtained by ·false pretense, knowing the same to have been stolen, embezzled or obtained by false pretense * * *." (Now § 6-3-403, W.S.1977)

Mr. Towner, appellant's father, and Gloria Towner, appellant's sister, to testify that appellant's wife had made similar statements concerning her acquisition of the property to them.

Appellant's attorney was informed by the court and the prosecuting attorney that Mr. Towner and Gloria Towner had been seen in the courtroom during appellant's testimony, thereby violating the sequestration order. The court excluded their testimony because of the violation. The defense, therefore, rested. Subsequently appellant's attorney learned from Mr. Towner and Gloria Towner that an agent of the district attorney's office had attempted to interview them; that they had been asked by the agent to enter the courtroom, and they did so because of this request. Appellant's attorney informed the court of the Towners' explanation of their being in the courtroom, protested the exclusion of their testimony, and asked that they be permitted to testify. The prosecution read a statement from the agent relating to a conversation he had with Mr. Towner shortly before Mr. Towner entered the courtroom. It is unclear from this statement whether or not the agent induced the witnesses to enter the courtroom. He may have; at the very least, that matter was in dispute.

The court asked for an offer of proof as to what the testimony of these witnesses would be if permitted to testify. Appellant's counsel stated that Mr. Towner would testify that appellant's wife had told him that she was buying the property items found in appellant's living quarters, and that she was going to get the bill of sale and show it to him. He was also going to testify that appellant's wife had told him that she was getting the money to pay for the items from her parents. Gloria Towner was essentially going to testify to similar conversations. The court ruled that this testimony

"is not only of dubious relevance but is also cumulative to what the defendant has already testified to, and which no one has challenged"

and, therefore, affirmed his previous ruling excluding the testimony of the witnesses.

■ The question presented to us is whether the trial court erred in excluding the defense witnesses' testimony due to their apparent violation of the sequestration order. Rule 615, W.R.E., provides for exclusion of witnesses.[2] Under this rule, sequestration of witnesses is a matter of right for either party. The purpose is to prevent the tailoring of evidence to conform to prior testimony and to assist the parties in detecting falsehoods and testimony which is less than candid. *United States v. Ell*, 718 F.2d 291 (9th Cir.1983); *Geders v. United States*, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976); 3 Louisell & Mueller § 370 (1979). Although Rule 615, W.R.E., does not provide for sanctions for violations of the rule, the most often invoked remedies are (1) to hold the witness in contempt; (2) to make the violation a subject for cross-examination and comment; and (3) to disallow the testimony altogether. 3 Louisell & Mueller § 371; 13 Land & Water L.Rev. 909 (1978), "Article VI of the Wyoming Rules of Evidence: Witnesses."

The United States Supreme Court held in *Holder v. United States*, 150 U.S. 91, 14 S.Ct. 10, 37 L.Ed. 1010 (1893):

"If a witness disobeys the order of withdrawal, while he may be proceeded against for contempt, and his testimony is open to comment to the jury by reason of his conduct, he is not thereby disqualified, and the weight of authority is that he cannot be excluded on that ground, merely, although the right to exclude under particular circumstances may be supported as within the sound discretion of the trial court." 14 S.Ct. at 10.

2. Rule 615, W.R.E., provides:

"At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause."

We have previously addressed this question in circumstances where the judge allowed witnesses to testify although they had been in the courtroom in violation of a sequestration order. We affirmed the allowance of that testimony, stating that permitting witnesses to testify was a matter addressed to the discretion of the court and that we would reverse only for gross abuse of that discretion. *Whiteley v. State*, Wyo., 418 P.2d 164 (1966); *Pixley v. State*, Wyo., 406 P.2d 662 (1965). We have not, however, addressed the question of the propriety of excluding testimony because of a violation of a sequestration order.

The general rule is that a party who does not know of nor procures the violation should not be deprived of essential testimony. 88 C.J.S. Trial § 70. However, when a party knows that a witness is violating the rule and allows the violation to continue, he may lose the right to present the witness or to object on those grounds. 23 C.J.S. Criminal Law § 1013.

"A party should not be denied his witness because of misconduct which the party has not caused. 'Refusal to permit a witness to testify in a criminal case on the ground that he had violated the order excluding witnesses is reversible error where neither the state nor the defendant was responsible for the violation of the order and did not know he was present.' Excluding testimony is not an appropriate remedy. Rather, the jury should be instructed on the credibility of the witness. If the order is willfully violated, the court may properly hold the witness in contempt of court." (Citations omitted.) *State v. Wells*, Mont., 658 P.2d 381 (1983).

Exclusion of the witness' testimony is too grave a sanction where the violation was not intentional and was not procured by the connivance of the party or his counsel. A practical and sensitive accommodation between the defendant's right to present a defense and the trial court's need to control the proceedings must be maintained. Exclusion should be allowed only when it is necessary to preserve the integrity of the fact finding process. *State v. Burdge*, 295 Or. 1, 664 P.2d 1076 (1983).

*United States v. Schaefer*, 299 F.2d 625, 631, 14 A.L.R.3d 1 (7th Cir.1962), held that exclusion of testimony was too harsh in situations where the witness did not willfully violate the sequestration order and there was no indiction that the witness was in court with

"'the consent, connivance, procurement or knowledge of the appellant or his counsel.' * * * [D]isqualification of the offending witness absent particular circumstances is too harsh a penalty on the innocent litigant." See also, *United States v. Johnston*, 578 F.2d 1352 (10th Cir.1978), cert. denied 439 U.S. 931, 99 S.Ct. 321, 58 L.Ed.2d 325.

*Braswell v. Wainwright*, 463 F.2d 1148 (5th Cir.1972), found error in excluding testimony because of a sequestration violation on grounds of Sixth Amendment rights and due process, stating that the defendant's right to obtain witnesses in his behalf was violated. Since neither the defendant nor his counsel was involved in the violation, there could not have been a waiver of a constitutional right which would render the exclusion proper. Testimony was considered properly excluded when the court found connivance of the government's counsel and prejudice to the defendant, *United States v. Blasco*, 702 F.2d 1315 (11th Cir.1983), and where a defendant violated the sequestration order by comparing testimony with another witness. *United States v. Torbert*, 496 F.2d 154 (9th Cir. 1974), cert. denied 419 U.S. 857, 95 S.Ct. 105, 42 L.Ed.2d 91.

*United States v. Gibson*, 675 F.2d 825 (6th Cir.1982), cert. denied 459 U.S. 972, 103 S.Ct. 305, 74 L.Ed.2d 285, stated that most authorities agree that the "particular circumstances" of *Holder v. United States*, supra, sufficient for exclusion are indications that the witness violated the order with the consent, connivance, procurement or knowledge of the party seeking the testimony. This case held there was no abuse of discretion in excluding testimony because the witness stayed in the courtroom with the knowledge of the defendant *and*

another witness gave substantially identical testimony. Excluding two witnesses for a violation was held not to deprive the defendant of his right to obtain witnesses in his behalf where three other witnesses testified to the same facts and the defendant and his counsel knew of their presence in the courtroom. *Calloway v. Blackburn*, 612 F.2d 201 (5th Cir.1980).

■ There was no evidence presented nor was it claimed that Mr. Towner and Gloria Towner entered the courtroom with the knowledge or consent of appellant or his counsel. The only allegations concerned the possible inducement of their presence by an agent for the county attorney's office. Therefore, we find that exclusion of their testimony as a sanction for violating the sequestration order was an abuse of discretion.

■ The State contends, however, that even if the exclusion of the witnesses for violation of the sequestration order was improper, the ruling should still be upheld on the grounds that the testimony was cumulative and irrelevant. Rule 403, W.R.E., states:

> "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or *needless presentation of cumulative evidence.*" (Emphasis added.)

We have stated that the trial court's discretion in ruling on evidence will not be overturned except for clear abuse. *Buhrle v. State*, Wyo., 627 P.2d 1374 (1981). However, Rule 403 is an extraordinary remedy which should be used sparingly since it allows the court to exclude evidence which is concededly relevant and probative. Its major function is to exclude scant or cumulative evidence which may be unfairly prejudicial, confusing, or needlessly cumulative. *United States v. Thevis*, 665 F.2d 616 (5th Cir.1982). It has been held error to exclude evidence which is corroborative of the defendant's testimony. *People v. Linder*, 5 Cal.3d 342, 96 Cal.Rptr. 26, 486 P.2d 1226 (1971). If there were no independent corroborative evidence on the points that the defendant testified to other than the excluded testimony, it is improperly excluded. *State v. Conklin*, 79 Wash.2d 805, 489 P.2d 1130 (1971).

*United States v. Davis*, 639 F.2d 239 (5th Cir.1981), held that it was error to deny the defendant his right to call witnesses in circumstances where the exclusion resulted from noncompliance with a discovery order even though the judge also ruled that the evidence was cumulative. Another court refused to allow defendant to call witnesses who would corroborate his testimony that he lacked the necessary intent, stating that the evidence was hearsay. On appeal there was a reversal, the court holding that even if the testimony were cumulative, it should not be excluded if introduced to corroborate the defendant's own statement because,

> "[t]o deny defendant the right to present any independent corroborative testimony on a material issue must be considered prejudicial error. Such testimony is 'cumulative' to the extent that the defendant testifies to the same facts or events. However, '[w]e know of no rule that prohibits a person on trial for a criminal offense from introducing cumulative testimony upon any fact material to the case, within reasonable limits, and it is manifest that [such testimony should not be prohibited when it] is sought to be introduced to corroborate his own statement, which, by reason of his interest in the result of the trial, may be, and often is, looked upon by the jury with some degree of suspicion.' [Citations.]" (Emphasis omitted.) *People v. Green*, 38 Colo.App. 165, 553 P.2d 839 (1976).

2 Louisell & Mueller, Federal Evidence § 128 states that:

> "Not all evidence which is entirely duplicative is therefore cumulative and excludable. Evidence may vary in degree of persuasiveness, and when an item of

proof which is offered on a point is very different in character or persuasive impact from an item of proof previously received, the former cannot be considered merely 'cumulative' of the latter."

Appellant's case is different from one where many witnesses could testify to the same facts and the trial court limits the witnesses to a few. Appellant testified in his own behalf. With the exclusion of the testimony of his father and his sister, there was no other testimony to the fact that appellant's wife had allegedly brought the items into the house and explained their presence. Appellant's knowledge of the stolen property was necessary for a conviction. The excluded testimony was relevant to a material element and corroborative of appellant's testimony.

The State contends that "the prosecution never challenged the existence or veracity of these statements" made to appellant by his wife. The prosecuting attorney, however, did not admit or stipulate to this fact; and, in closing arguments, he stated that appellant had told several different stories concerning the stolen items when he said:

" * * * However, we think there is a clear showing on actual knowledge that those items were stolen. It is an element of the crime. You cannot find the Defendant guilty unless he knew those items were stolen, and you will just have to determine his credibility and the simple fact that he told two different stories to law enforcement and a different story to you today, which goes a long way towards circumstantial evidence that there was guilty knowledge, he would have told one consistent story. We have a harder question, that he tells two different stories and tells you a different story, and you add that to the fact of all of these suspicious circumstances, how the wheeling and dealing was going on, and he told you obvious that she had this money."

It is possible that the jury believed appellant had fabricated his testimony after he was charged. When appellant's case went to the jury, his testimony denying knowledge that the goods were stolen was uncorroborated. It stood alone against the State's total case and all of its witnesses. It is possible that the jury may have believed Mr. Towner or Gloria Towner irrespective of their close relationship with appellant. This corroborative evidence, when added to appellant's testimony, may or may not have been of sufficient weight to tip the scales in his favor. We do not know what the jury might have decided. We do know that defendant had the right to present this testimony and these witnesses that would tend to corroborate his testimony and would refute a material element of the crime charged. Therefore, we reverse and remand this case for a new trial or such further proceedings as are not inconsistent with this opinion.

ROONEY, Chief Justice, dissenting, with whom BROWN, Justice, joins.

The majority opinion concludes that the sanction for violation of the sequestration order in this case (disallowing the testimony of the two witnesses) was too severe. While not saying so, such opinion implies that the trial court should have allowed the testimony with comment to the jury by the court that the witnesses had violated the sequestration order.

I believe the analysis should go beyond this point, and I believe the analysis by the trial court did so. The trial court held the testimony to be

" * * * not only of dubious relevance but is also cumulative to what the Defendant has already testified to, and to which no one has challenged. * * * "

Thus, the court considered allowing the testimony accompanied by the cautionary comment of the court, and then it considered such testimony in light of Rule 403, W.R.E. That rule provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of

undue delay, waste of time, or needless presentation of cumulative evidence."

I believe the court acted in this matter within the discretion afforded to it by Rule 403, W.R.E. Within the scope of this rule we have said that admission of evidence is within the sound discretion of the trial court, which discretion will not be disturbed absent a clear abuse of it. *Sanville v. State*, Wyo., 593 P.2d 1340, 1345 (1979); *Hopkinson v. State*, Wyo., 632 P.2d 79, 101 (1981), cert. denied 455 U.S. 922, 102 S.Ct. 1280, 71 L.Ed.2d 463 (1982). And appellant has the burden of demonstrating an abuse of discretion. *Nimmo v. State*, Wyo., 603 P.2d 386, 392 (1979); *Buhrle v. State*, Wyo., 627 P.2d 1374, 1380 (1981).

Applying the rule to this case, we must ascertain (1) the probative value of the evidence, and (2) the consideration of needless presentation of cumulative evidence. Then, we must weigh the first determination against the second to conclude whether or not there was a clear abuse of the trial court's discretion.

If the trial court had admitted the evidence under the conditions set forth in the majority opinion, the jury would have had to be advised that the credibility of the testimony of appellant's father and of his sister should be considered in view of the fact that they were in the courtroom at the time appellant testified in violation of the direct order of the court that they be then excluded, and that the potential existed for them to have tailored their testimony to conform with the testimony of appellant. The jury would then have heard them testify that appellant's wife told them that she had purchased the property in question, appellant having already told the jury that his wife had told him the same thing. The stolen property consisted of a commercial microwave oven taken from the Casper Hilton Inn; a stereo, television and microwave oven taken from the Lundine residence; a toolbox, calculator, and resin taken from Moltec; drill bits taken from

Triangle Sales and Service, Inc.; and an auger taken from Michaels Fence. Appellant testified that these items found in his bedroom were obtained by his wife who said she purchased them from her cousin's friend. The probative value of testimony by appellant's father and sister to the effect that appellant's wife had told them she purchased this random assortment of personal property from her cousin's friend would not only be weakened by the relationship between appellant and the two witnesses but also by the court's comment relative to their violation of the sequestration order.

Against this "probative value" of the testimony of the two witnesses, the trial court had to weigh the desirability for not presenting cumulative evidence.[1] In doing so, the court found the latter to outweigh the former.

The question on appeal is not whether the decision of the trial court was that which we would have made. We are not to weigh the factors ourselves. Our determination is whether or not the trial court's decision was a *clear* abuse of discretion.

> "A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances. * * *" *Martinez v. State*, Wyo., 611 P.2d 831, 838 (1980).

I do not believe the trial court acted in a manner which *clearly* exceeded the bounds of reason under the circumstances; which *clearly* was other than in a reasonable manner; or which was *clearly* an error of law committed under the circumstances.

Not finding a clear abuse of discretion in excluding the testimony of the two sequestered witnesses, I would affirm.

---

**1.** Cumulative evidence is "additional or corroborative evidence to the same point." Black's Law Dictionary (5th ed. 1979), p. 343.