**Martin D. GABRIEL, Jr., Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 95–149.**

Supreme Court of Wyoming.

Oct. 8, 1996.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Sr. Assistant Attorney General; Theodore E. Lauer, Director, Prosecution Assistance Program; Jenifer K. Girgen, Student Intern; Michael P. Adams, Student Intern, for appellee (plaintiff).

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR* and LEHMAN, JJ.

GOLDEN, Justice.

Appellant Martin Delanie Gabriel, Jr., was convicted of first degree murder and two counts of attempted second degree murder. He appeals his conviction on grounds that a victim's presence in the courtroom violated his due process rights and insufficient evidence was presented to warrant a conviction for one count of attempted murder.

We affirm.

Gabriel presents these issues:

I. Did the trial court err when it released Michelle Rodriguez, one of the victims, from the sequestration order?

II. Whether there was insufficient evidence to support a conviction of attempted second degree murder of Michelle Connor?

The State rephrases the issues as:

I. Did the district court commit reversible error when it exempted victim Michelle Rodriguez from the witness exclusion order entered pursuant to Rule 615, Wyoming Rules of Evidence?

II. Was sufficient evidence introduced to permit a rational jury to convict appellant of the attempted second degree murder of Michelle Conner?

## FACTS

Gabriel was married to Michelle Conner for five years before the couple separated in October of 1994. The separation was followed by an altercation between a jealous Gabriel and another man which left Gabriel with an injured right hand. Conner moved out of their apartment at the Frontier Motel in Cheyenne and into another apartment at the motel which she shared with her friend

Sylvia Lee Hackl, State Public Defender; Deborah Cornia, Appellate Counsel; Donna D. Domonkos, Assistant Appellate Counsel, for appellant (defendant).

* Chief Justice effective July 1, 1996.

Michelle Rodriguez. On the morning of October 26, 1994, Gabriel entered the apartment and found Conner on her bed with Charles E. Collier III beside her. Both were asleep and both were clothed. After arguing with Conner, Gabriel challenged Collier to fight outside. That invitation was declined and Gabriel left Conner's apartment. He returned to his apartment, loaded a semi-automatic pistol and returned to Conner's apartment, shot Collier in the neck, shot Michelle Rodriguez, and shot at Conner but missed. He aimed at her again, but his gun jammed and Conner was able to escape. Gabriel regained firing capability and shot Collier a second time in the head, killing him instantly. Gabriel was arrested west of Cheyenne at a roadblock set up by law enforcement officers; later that afternoon he gave a detailed statement.

Gabriel was tried before a jury on one count of first degree murder and two counts of attempted second degree murder and found guilty. Although the defense moved to sequester all witnesses before they testified, at the state's challenge, the district court released victims Conner and Rodriguez from the sequestration order after ruling there was not good cause to exclude them. This appeal followed.

## DISCUSSION

*Victim's Right to Attend Trial*

WYO. R. EVID. 615 grants either party the right to sequester witnesses. *Towner v. State*, 685 P.2d 45, 47 (Wyo.1984). WYO. STAT. §§ 1–40–201 through 210, entitled "Victim and Witness Bill of Rights" include a section permitting victims to attend all trial proceedings which may be attended by the defendant unless the court rules that good cause requires their exclusion. WYO. STAT. § 1–40–206 (Cum.Supp.1996). Gabriel contends Rodriguez' presence at the trial before she testified violated his due process right to a fair trial when she heard the testimony of another victim. He contends that prejudice must be presumed when his right to sequester any witness was denied or, if an abuse of discretion standard applies, good cause was demonstrated which required Rodriguez' exclusion. The State contends that a right

created by statute takes precedence over a right created by a rule of evidence.

The purpose of sequestering witnesses is to prevent the tailoring of evidence to conform to prior testimony and to assist the parties in detecting falsehoods and testimony which is less than candid. *Towner*, 685 P.2d at 47. In a criminal trial, these two concerns implement both the fair trial component of constitutional due process and the Sixth Amendment's guarantee to effectively cross examine a witness. Trial courts are obligated to ensure a defendant's constitutional rights are protected during the criminal trial and are required to grant a defendant's motion to sequester witnesses but have the discretion to allow an exemption. *Roby v. State*, 587 P.2d 641, 645 (Wyo.1978); *Lauthern v. State*, 769 P.2d 350, 352 (Wyo. 1989); *Stone v. State*, 745 P.2d 1344, 1350–51 (Wyo.1987). When a trial court exercises that discretion, the standard is whether good cause is shown that the exemption should not be granted. *See Irvin v. State*, 584 P.2d 1068, 1071 (Wyo.1978).

In this case, the trial judge heard defense counsel's assertion that Rodriguez' presence during Conner's testimony could permit her to conform her testimony to Conner's. The State responded that Conner would be called as its first witness and, since Rodriguez had made a lengthy pretrial statement which had been provided to the defense, it did not anticipate any change in her testimony. Based on this information, the trial court made a preliminary finding that Rodriguez' presence during Conner's testimony would not negatively impact the defendant's trial and good cause was not shown to exclude her. In our view, these were the appropriate considerations for the trial court to weigh in balancing the defendant's constitutional rights against the victim's statutory rights. We find no error in its ruling.

*Sufficiency of the Evidence*

Gabriel contends there was insufficient evidence that he intended to murder Michelle Conner and his conviction for his attempted murder of her should be reversed. He points to a lack of evidence that he aimed

at her when he fired his gun because the bullet went wide of its mark and Conner had her eyes closed and could not testify as to whether he aimed at her.

On a claim of insufficient evidence, we review the evidence in the light most favorable to the prosecution and determine whether it is sufficient to form the basis for a reasonable inference of guilt beyond a reasonable doubt. *McCone v. State*, 866 P.2d 740, 755 (Wyo.1993). In Gabriel's statement admitted at trial, he said:

> I was planning on shooting him, and then after I shot him then I just lost control.... Then I went ... after Michelle, my Michelle.... She went in the bedroom. She was trying to hold the door.... She ran towards the bed, by the bedpost towards the wall facing that way if you was to look at the house, and then I shot at her.... I don't think I hit her ... cause she just like twisted her body some [crazy] way.... I shot at her in rage, but I didn't want to kill her, and I didn't shoot at her again.... [A]fter I shot at Michelle the gun got jammed.... Then Michelle runs past me ... I probably would have shot her again, but the gun was jammed....

The bullet entered the wall behind Conner about 18 inches off the floor. Because his right hand was broken, Gabriel was using his left hand to shoot the gun. In *Simmons v. State*, 674 P.2d 1294 (Wyo.1984), Simmons was charged with aggravated assault with a dangerous or deadly weapon. Simmons had fired a shotgun at relatively short range and missed. On appeal, he argued that he could not have intended to injure anyone because, if he had, he would not have missed them. This Court said:

> Appellant also contends that he could not have intended to injure anyone because he missed his targets at close range. The state was not required to explain why appellant missed; however, he was firing in the dark at fast moving targets that were scattering in several directions.

*Simmons*, 674 P.2d at 1297. In view of Gabriel's admissions and the bullet's proximity to where Conner was standing when she evaded his inaccurate shot, the jury's guilty verdict is based on a reasonable inference and the conviction is affirmed.

Affirmed.