**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46297-1-II |
| Respondent, | |
| v. | |
| NATASHIA R. MEYER, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Natashia Meyer appeals her conviction for murder in the first degree with a firearm enhancement. Meyer argues she received ineffective assistance of counsel for failure to propose a voluntary intoxication jury instruction and the trial court abused its discretion when, as a condition of community custody, it prohibited Meyer from entering places whose primary business is the sale of liquor. We affirm Meyer's conviction for murder in the first degree, but remand to the trial court to strike the referenced community custody provision.

## FACTS

On May 28, 2013, Natashia Meyer shot Sam Blevins multiple times. He died from the gunshot wounds. The State, by amended information, charged Meyer with murder in the first degree with a firearm enhancement.

Meyer is a long time methamphetamine user. She and Blevins were friends and frequently used methamphetamine together. Meyer invited Blevins to her home. When he arrived in his vehicle, she met him outside and shot him.

Immediately after shooting Blevins, Meyer called 911 to report what happened. In the call, Meyer said that she shot Blevins because "he raped [her] last night" and was "bragging about it." Ex. 51, at 3. Meyer admitted to being a drug addict. She said that she was seeing "tracers." Ex.

51, at 6. During her medical examination and law enforcement interviews later that night, Meyer exhibited symptoms of being under the influence of methamphetamine.

Prior to trial, Meyer's defense counsel indicated that the general nature of her defense was "diminished capacity" and "justification." Clerk's Papers (CP) at 118, 127. The State moved in limine to exclude the testimony of Dr. Kenneth Muscatel, a psychologist and the defendant's expert. He initially performed the evaluation to determine "whether or not there was diminished capacity or insanity at the time of the incident, and he determined there was not." I Report of Proceedings (RP) at 62.

At the hearing on the State's motion, the trial court heard an offer of proof that Dr. Muscatel issued a report, concluding that "'[t]here is not much question Ms. Meyer engaged in intentional behavior when she shot Mr. Blevins' and . . . '[h]er actions included thinking ahead.'" CP at 110. He also opined that he "'saw no compelling evidence [that] she was psychotic at the time of the incident, or otherwise out of touch with reality.'" CP at 110. Dr. Muscatel further reported that "'[t]here is no evidence [that Meyer] did not understand her conduct was against the law, but she said she felt justified in shooting [Blevins].'" CP at 111. Defense counsel informed the trial court that Meyer would present a defense of justifiable homicide and not diminished capacity. The trial court partially granted the State's motion but reserved on whether or not Dr. Muscatel had anything relevant relating to the defense of justifiable homicide.

At trial, Meyer testified that she feared Blevins. She testified that "[she] was trying to shoot him" because she "wanted him to know what he did was wrong." IV RP at 504. Meyer also testified that at the time of the shooting, she was high on methamphetamines. During closing argument, defense counsel argued that Meyer shot Blevins to defend herself.

2

The jury found Meyer guilty of murder in the first degree, and specially found that she was armed with a firearm. The trial court sentenced Meyer to a standard range sentence of 360 months of confinement. As a condition of community custody, the trial court ordered that Meyer "shall not go into bars, taverns, lounges, or other places whose primary business is the sale of liquor." CP at 14. Meyer appeals.

## ANALYSIS

### I. INEFFECTIVE ASSISTANCE OF COUNSEL

Meyer argues that she received ineffective assistance of counsel when defense counsel failed to propose a voluntary intoxication jury instruction. We disagree.

### A. Standard of Review

To prevail on an ineffective assistance of counsel claim, Meyer must show that defense counsel's performance was so deficient that it "fell below an objective standard of reasonableness" and that the deficient performance prejudiced her. *State v. Thomas*, 109 Wn.2d 222, 226, 743 P.2d 816 (1987) (citing *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). Failure to establish either prong is fatal to an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 700. An attorney's performance is deficient if it falls "below an objective standard of reasonableness based on consideration of all the circumstances." *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). Deficient performance prejudices a defendant if there is a "reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different." *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009).

Our scrutiny of defense counsel's performance is highly deferential; we strongly presume reasonableness. *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011). To rebut this presumption, Meyer bears the burden of establishing the absence of any legitimate trial tactic

explaining counsel's performance. *Grier*, 171 Wn.2d at 33. Ineffective assistance of counsel is a mixed question of law and fact that we review de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

B.       Voluntary Intoxication Instruction

To establish ineffective assistance of counsel for failing to request a voluntary intoxication instruction, Meyer must first show that she was entitled to the instruction. She does not make this showing.

A trial court will instruct a jury on voluntary intoxication if: (1) the crime charged includes a particular mental state as an element, (2) there is substantial evidence of methamphetamine use, and (3) the defendant presents evidence that the drug use affected her ability to form the requisite mental state. *State v. Everybodytalksabout*, 145 Wn.2d 456, 479, 39 P.3d 294 (2002). The evidence must have reasonably and logically connected Meyer's apparent intoxication with her asserted inability to form the requisite level of culpability to commit murder in the first degree. *See State v. Griffin*, 100 Wn.2d 417, 418-19, 670 P.2d 265 (1983). Evidence of intoxication, standing alone, is insufficient to warrant the giving of a voluntary intoxication jury instruction; there must be substantial evidence of the alcohol's effect on the defendant's mind and body. *State v. Finley*, 97 Wn. App. 129, 135, 982 P.2d 681 (1999) ("[T]he court is required to give a voluntary intoxication instruction only in those cases in which the level of mental impairment caused by alcohol or drugs clearly affected the defendant's criminal responsibility by eliminating the necessary mens rea.").

Here, intent is an element of murder in the first degree. RCW 9A.32.030(1)(a). And although the record contains evidence that Meyer's intoxication at the time of the offense resulted from methamphetamine use, Meyer must demonstrate substantial evidence of the effects of the

drug on her body or mind. *Finley*, 97 Wn. App. at 135. The evidence must also "reasonably and logically connect [her] intoxication with the asserted inability to form the required level of culpability to commit the crime charged." *State v. Gabryschak*, 83 Wn. App. 249, 252-53, 921 P.2d 549 (1996).

Here, Meyer presented no evidence that intoxication affected her ability to formulate the intent to commit murder in the first degree. In fact, even though he did not testify at trial, Dr. Muscatel, her expert, concluded that Meyer engaged in intentional behavior when she killed Blevins. Because Meyer fails to demonstrate that she would have been entitled to a voluntary intoxication instruction, Meyer cannot establish that defense counsel's performance was deficient for failing to request it. Therefore, her ineffective assistance of counsel claim fails.

Even assuming that Meyer was entitled to an involuntary intoxication jury instruction, she cannot overcome her burden to show the absence of any conceivable legitimate trial tactic explaining defense counsel's decision to not request an involuntary intoxication jury instruction. *See Grier*, 171 Wn.2d at 42. In light of Dr. Muscatel's conclusion that Meyer did not have a diminished capacity at the time she killed Blevins, defense counsel chose to pursue a justification defense. Defense counsel elicited testimony to support this defense, including that Meyer was scared of Blevins. In closing argument, defense counsel emphasized that Meyer shot Blevins to defend herself. And defense counsel proposed a justifiable homicide instruction that the trial court gave to the jury. It is clear from Meyer's testimony and from defense counsel's closing argument that an involuntary intoxication jury instruction would have weakened the defense theory of the case. Apart from diverting the jury's focus from the defense theory of the case, defense counsel may have decided not to request the instruction because it conflicted with Meyer's explanation of why she shot Blevins. Because defense counsel's decision not to request an involuntary

5

intoxication jury instruction was a legitimate trial strategy, Meyer cannot meet her burden to prove her counsel was ineffective.

II.     ALCOHOL-RELATED COMMUNITY CUSTODY PROVISION

Meyer argues for the first time on appeal that the trial court acted outside its authority when it imposed a community custody provision prohibiting Meyer from entering places whose primary business is the sale of liquor.  The State concedes that this community custody provision is improper because the provision is not reasonably related to the circumstances of Meyer's offense. We accept the State's concession and remand to strike this condition.

A.     Standard of Review

"An unlawful sentence may be challenged for the first time on appeal." *State v. Warnock*, 174 Wn. App. 608, 611, 299 P.3d 1173 (2013).  Under RCW 9.94A.703(3)(f), the trial court may require the defendant to "comply with any crime-related prohibitions."   A crime-related prohibition is "an order of a court prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10). We review the trial court's imposition of crime-related prohibitions for an abuse of discretion. *State v. Warren*, 165 Wn.2d 17, 32, 195 P.3d 940 (2008).

B.     Alcohol is not Reasonably Related to the Circumstances of Meyer's Offense

Here, the record contains no evidence that alcohol contributed to Meyer's offense in any way.  Therefore, the condition prohibiting Meyer from entering places whose primary business is the sale of liquor does not reasonably relate to the crime of murder in the first degree.  Because the trial court abused its discretion, the State's concession is proper.  Accordingly, we accept the State's concession.

We affirm Meyer's conviction for murder in the first degree, and remand to the trial court to strike the community custody provision prohibiting Meyer from entering places whose primary business is the sale of liquor.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Johanson, C.J.

_____
Bjorgen, J.